ROBERT MERCER *v.* COMMISSIONER OF
CORRECTION
(AC 17998)

Lavery, Schaller and Cretella, Js.

Argued October 26, 1998—officially released February 2, 1999

*Raymond J. Rigat*, special public defender, for the appellant (petitioner).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's

attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

CRETELLA, J. The petitioner appeals from the judgment of the habeas court dismissing his habeas corpus petition. On appeal, the petitioner claims that the habeas court (1) improperly dismissed his claim that he was denied effective assistance of counsel at his criminal trial and (2) failed to apply the correct legal standard when reviewing the petitioner's claim that his attorney had a conflict of interest during the appeal. We affirm the judgment of the habeas court.

The trial court's memorandum of decision and the record disclose the following facts and procedural history. Following a jury trial, the petitioner was convicted of two counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), and on November 15, 1991, he received a total effective sentence of thirty years imprisonment. Following his sentencing, his court-appointed public defender filed an appeal. On January 7, 1992, four months after his conviction, the petitioner filed a pro se petition for a writ of habeas corpus, alleging that he was denied effective assistance of counsel. On January 27, 1992, trial counsel, who was unaware of the petition alleging ineffective assistance of counsel, filed an appellate brief. The appeal was argued on October 26, 1992, and in a decision dated December 15, 1992, this court affirmed the petitioner's conviction. See *State* v. *Mercer*, 29 Conn. App. 679, 680, 617 A.2d 916 (1992), cert. denied, 225 Conn. 902, 621 A.2d 285 (1993).

Although the petitioner's original writ of habeas corpus was filed on January 7, 1992, prior to his trial counsel's filing an appellate brief on January 27, 1992, the habeas trial on that initial petition was not held until five years after this court affirmed the conviction. More

than four years after the conviction was affirmed on appeal, the petitioner amended his original habeas petition to add an additional claim of ineffective assistance of counsel at the appellate level. The habeas trial was held on the amended petition, and the petition was dismissed, giving rise to the appeal now before us.

## I

As to his claim of ineffective assistance of counsel at the trial level, the petitioner argues that his trial counsel's performance fell below acceptable standards of reasonable and professional competence. Specifically, the petitioner alleges that his trial counsel fatally prejudiced him by not adequately cross-examining witnesses, not adequately investigating the possible use of an alibi defense and not calling witnesses on his behalf.

"The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in

the outcome. . . . *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 445-46, 610 A.2d 598 (1992).

"In an appeal from the denial of a habeas writ, the burden imposed upon the petitioner is higher than that imposed on him in a direct appeal. In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial. *Valeriano* v. *Bronson,* 209 Conn. 75, 85–86, 546 A.2d 1380 (1988); see also *Strickland* v. *Washington,* [supra, 466 U.S. 687]. A reviewing court can find against the petitioner on whichever ground is easier. *Valeriano* v. *Bronson,* supra [85–86]; *Nardini* v. *Manson,* 207 Conn. 118, 124, 540 A.2d 69 (1988). . . . *Magnotti* v. *Meachum,* 22 Conn. App. 669, 674, 579 A.2d 553 (1990).

"We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. *Siano* v. *Warden,* 31 Conn. App. 94, 95, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993). The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. *Copas* v. *Warden,* 30 Conn. App. 677, 682, 621 A.2d 1378 (1993), on appeal after remand, 234 Conn. 139, 662 A.2d 718 (1995)." (Internal quotation marks omitted.) *Beasley* v. *Commissioner of Correction,* 47 Conn. App. 253, 261–62, 704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998). Here, the habeas court concluded from its review of the evidence that the petitioner was not deprived of effective assistance of counsel because his trial counsel effectively pointed out inconsistencies in the victims' statements, pointed to the differences in testimony as to the time that the robbery took place,

attempted to discredit witnesses' testimony by noting inconsistencies with statements given to the police, pointed out statements of the two victims regarding their relationship and was diligent in obtaining witnesses for trial.[1]

The habeas court, in addressing the petitioner's habeas petition, applied the two-prong test enunciated in *Strickland* which our courts have steadfastly embraced. See, e.g., *Bunkley* v. *Commissioner of Correction,* supra, 222 Conn. 454–55; *Commissioner of Correction* v. *Rodriquez,* 222 Conn. 469, 477, 610 A.2d 631 (1992). The habeas court found that the petitioner had not satisfied the first prong of *Strickland* by establishing that his trial counsel's performance fell below an objective standard of reasonableness. In fact, the habeas court went on to find that the petitioner's trial counsel provided a thorough and diligent cross-examination of the victims and that his performance exceeded the *Strickland* standards, which were adopted by our Supreme Court. See e.g., *Bunkley* v. *Commissioner of Correction,* supra, 455; *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990); *Davis* v. *Warden,* 32 Conn. App. 296, 302, 629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993). Accordingly, the habeas court properly dismissed the habeas petition insofar as it related to the alleged ineffective assistance of counsel at the trial level.

---

[1] The habeas court's memorandum of decision aptly noted that "[i]n fact the petitioner's counsel was diligent in his efforts to get witnesses to the trial. An important witness for the petitioner was Sharard Robinson, whom trial counsel had subpoenaed to the hearing. Robinson failed to appear when scheduled to do so and counsel sought a capias. Robinson did, in fact, testify on behalf of the petitioner and provided testimony that he was not present on the evening of the crimes as alleged by the victims. Additionally, he testified as to a previous incident between one of the victims and the petitioner that, if believed, could have provided an explanation as to why that victim had made the allegations leading up to the petitioner's arrest on the charges." Furthermore, trial counsel testified that he spoke with the potential alibi witness whose name was provided by the petitioner; however, that witness was unable to provide support for the petitioner's alibi defense.

## II

The petitioner next asserts that trial counsel had a conflict of interest that rendered his assistance ineffective in pursuing the petitioner's appeal. Specifically, the petitioner claims that the habeas court improperly *applied* the correct legal standard with respect to his claim. The petitioner concedes that the habeas court correctly found that the legal standard to be applied to allegations of ineffective assistance of counsel based on an alleged conflict of interest differs from that previously set forth relating to the trial level. As noted by the habeas court, effective assistance of counsel requires that a criminal defendant be represented by an attorney free from conflicts of interest. *State* v. *Williams*, 203 Conn. 159, 166–67, 523 A.2d 1284 (1987).

"Our Supreme Court has established the proof requirements where a habeas corpus petitioner claims ineffective assistance of counsel because of a claimed conflict of interest. Where, however, the defendant claims that his counsel was burdened by an actual conflict of interest . . . the defendant need not establish actual prejudice. . . . Where there is an actual conflict of interest, prejudice is presumed because counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. . . . In a case of a claimed conflict of interest, therefore, in order to establish a violation of the sixth amendment the defendant has a two-pronged task. He must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance. . . . *Phillips* v. *Warden*, 220 Conn. 112, 132–33, 595 A.2d 1356 (1991).

"On appellate review, the historical facts found by the habeas court may not be disturbed unless they were

clearly erroneous . . . . Id., 131. When, as in this case, those facts are essential to a determination of whether the petitioner's sixth amendment rights have been violated, we are presented with a mixed question of law and fact requiring plenary review. See id.; *McIver* v. *Warden*, 28 Conn. App. 195, 203, 612 A.2d 103, cert. denied, 224 Conn. 906, 615 A.2d 1048 (1992) . . . ." (Citation omitted; internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 583–84, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).

An actual conflict of interest exists when the aim or goal of trial counsel diverges from the interests of the client. In the present matter, the petitioner alleges that his prior filing of the initial habeas petition after trial and prior to counsel's filing his appellate brief, created an actual conflict requiring counsel to withdraw from representation. At the habeas trial, however, the petitioner acknowledged that he had no animosity toward counsel, that he filed a petition only to prevent going to jail and that he did not request that counsel withdraw from representation. Furthermore, the record reveals that counsel consulted with the office of the chief public defender on the issue of continuing with representation in view of the petitioner's action and was advised that the filing of the habeas petition by the petitioner was not an uncommon occurrence.

The first question addressed by the habeas court was whether an actual conflict of interest existed. The habeas court concluded that there was none because when counsel argued before the Appellate Court on behalf of the petitioner, his primary goal was to win the appeal and to overturn the petitioner's robbery conviction, which was the same goal sought by the petitioner when he took the first step of filing a habeas petition claiming ineffective assistance of counsel. Had trial counsel been successful in overturning the conviction, the petitioner's goal would have been achieved

and the claim of ineffective assistance of counsel would have become moot.

We also point out the caution from the United States Supreme Court that " 'the *possibility* of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.' (Emphasis added.) *Cuyler* v. *Sullivan,* 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). 'To demonstrate an actual conflict of interest, the petitioner must be able to point to *specific instances* in the record which suggest an impairment or compromise of his interests for the benefit of another party.' (Emphasis added.) *Danner* v. *United States,* 820 F.2d 1166, 1169 (11th Cir. 1987), cert. denied, 484 U.S. 1012, 108 S. Ct. 713, 98 L. Ed. 2d 663 (1988)." *Blakeney* v. *Commissioner of Correction,* supra, 47 Conn. App. 584–85.

The record reveals no evidence produced by the petitioner that in any way would suggest that counsel did not produce effective representation. A conclusory allegation of ineffective assistance, without specific details, does not create a conflict of interest on the part of the accused attorney. Our review of the record convinces us that the habeas court properly found that there was no actual conflict of interest and, therefore, no ineffective assistance of appellate counsel.

The judgment is affirmed.

In this opinion the other judges concurred.