[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petitioner, filed August 17, 1998, petitioner seeks a writ of habeas corpus. For reasons hereinafter stated, the petition is dismissed.
The petition sets forth the petitioner's claims in three separate counts. The first count alleges that petitioner is now confined after a determination that he violated his probation. This count further alleges that, at the time the warrant alleging a violation of probation was signed, petitioner's period of probation had expired. Therefore, the sentence he is now serving is illegal. The respondent is represented on the first count by the attorney general. The second count alleges ineffective assistance of counsel and the third count alleges a violation of due process. The chief state's attorney's office represents the respondent on the second and third counts.
The burden of establishing relief in a habeas corpus proceeding rests with the petitioner. Biggs v. Warden, CT Page 1515526 Conn. App. 52, 55 (1991), cert. denied 221 Conn. 902 (1992).
Certain underlying facts involved in this petition are not greatly in dispute. The evidence demonstrates that on July 29, 1985, petitioner was sentenced to a term of imprisonment of twenty years with execution suspended after ten years and five years of probation for a violation of General Statutes §53a-134 (a)(4). On July 10, 1991, petitioner was sentenced to a six month term of imprisonment for violation of General Statutes § 53a-32. This sentence was to be served consecutive to the sentence previously imposed. On January 31, 1996, petitioner received a concurrent sentence of four years after a conviction of a violation of General Statutes § 53-21. As a result of the above sentences, petitioner was required to serve a total sentence often years and six months.
 I
In the first count, petitioner claims that his confinement based on a finding of a violation of probation is illegal because the court lacked subject matter jurisdiction to determine the violation since his probation had expired prior to the date of the warrant.
Petitioner concedes that his probation had not expired prior to the date of the warrant, January 31, 1995, according to the records of the department of correction. At issue, however, is petitioner's status while on furlough.
Furlough of prisoner's at the discretion of the commissioner of correction is authorized by General Statutes § 18-101a. Petitioner was released on furlough, for short periods of time, on ten separate occasions. Relying on State v. McFarland,36 Conn. App. 440 (1994), petitioner claims that his term of probation commenced at the time he was first furloughed. The first furlough commenced on April 8, 1989. If this date is used at the start of probation, petitioner would be correct in his claim that his petition had expired prior to the date of the warrant. Petitioner's position, however, is not consistent either with the law or common sense. In McFarland, the Appellate Court held that the term "released from custody" included physical release from the custody of the commissioner of correction, whether by mistake or otherwise, and that "probation commences by operation of law on the actual release from imprisonment." Statev. McFarland, supra, 36 Conn. App. 448. The language used in CT Page 15156McFarland, in which the release from custody was caused by miscalculation, cannot be applied to this case. The language of General Statutes § 18-101a clearly indicates that a prisoner on furlough is still in the custody of the commissioner of correction. Furlough is only authorized by the statute for compassionate and rehabilitative purposes. The statute provides that:
 "Any inmate who fails to return from furlough as provided in the furlough agreement shall be guilty of the crime of escape in the first degree."
The provisions of General Statutes § 53a-169, which makes failure to return from furlough the crime of escape in the first degree, confirms that a person on furlough has not been released from custody.
If petitioner's interpretation of the law was accepted we would have a situation where every prisoner serving a split sentence who received a furlough would be on probation for the rest of his, or her, sentence as an alternative under petitioner's theory such a prisoner would be on probation for the short periods of any furlough. This interpretation of the law would be absurd and violate common sense.
It must, therefore, be concluded that petitioner has not established the allegations of the first count that his probation had expired prior to the issuance of the warrant charging him with violation of probation.
 II
By the second count, petitioner alleges that his confinement is "unlawful in that it is based upon a conviction in violation petitioner's state and federal constitutional right to the effective assistance of counsel.
Although the petition alleges that at the time of his conviction petitioner was represented by Attorney Michael Connor, then public defender for the judicial district of Hartford. The evidence indicates that he was actually represented by Attorney Gerald Klein as special public defender.
"The standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant CT Page 15157 is set forth in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 445-46, 610 A.2d 598 (1992).
In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Valeriano v. Bronson,209 Conn. 75, 85-86, 546 A.2d 1380 (1988); see also Strickland v.Washington, supra, 466 U.S. 687. Mercer v. Commissioner ofCorrections, 51 Conn. App. 638, 640 (1999).
The second count set forth numerous allegations that defense counsel's performance fell below the required standard of reasonable competence required under the law. To prove these allegations, petitioner called Attorney Klein to testify. Attorney Klein stated that he had been in practice for twenty-four years and that he had represented numerous defendants in criminal matters in the judicial district of Hartford. He testified that he had no present recollection of representing petitioner in 1985 and that he could not recall anything about the case or even recognize the petitioner as his client. He testified that he keeps his files for ten years and that after examination he was unable to find the file in this case.
There were very few court records available to support petitioner's claim and the tapes from which transcripts could be prepared for the court proceedings had been destroyed as had the CT Page 15158 police records concerning the case. At trial, petitioner used the meager evidence available to point out areas in which a competent attorney would have taken action to protect his client. For example, petitioner points out that the photo array used in connection his identification in the 1985 incident could have been attacked.
In his argument, petitioner has set forth a case which is based purely on speculation. There is no evidence that all of the matters referred to by petitioner were not evaluated by counsel and petitioner's interest properly protected and, assuming that the attorneys conduct fell below the standard required, there is nothing to indicate that the result would have been different. Considering the evidence admitted, it must be concluded that petitioner has failed to establish ineffective assistance of counsel under the provisions established in Strickland v.Washington, supra, 466 U.S. 668.
 III
By the third count of the amended petition, petitioner alleges that his confinement is in violation of his state and federal constitutional rights since he has been deprived of due process of law. The essence of this count is that petitioner is unable to prepare and prosecute his claim of ineffective assistance of counsel because all of the transcripts and other records have been destroyed. He argues that he did not request Attorney Klein to destroy his records or official court reporter to destroy the transcripts or the clerk to reduce the files in connection with the 1985 conviction. It is argued that by destroying these essential documents petitioner is deprived of his constitutional right to establish his grounds for the issuance of a writ of habeas corpus.
The issue here is whether or not petitioner can wait over twelve years to file his petition after significant records of the original proceeding have been destroyed and then reasonably expect the issuance of a writ of habeas corpus claiming that his right to due process has been denied because of the destruction of the records. In Nash v. Reincke, 156 Conn. 339, 342 (1968), the Supreme Court refused to allow a claim of invalidity of the court's jurisdiction of the person when the issue was raised twenty years after the conviction. The retention and destruction of court records are covered by Connecticut Practice Book §7-13 and Connecticut General Statutes § 51-36. Petitioner is CT Page 15159 charged with constructive knowledge of the rules and the General Statutes. Where he elects to bring the petition after the destruction of the records in accordance with the law and after the memory of those involved has diminished he cannot then complain that he has been deprived of due process of law.
Also, it is mere speculation that the existence of the records no longer in existence would have allowed petitioner to show ineffective assistance of counsel.
 Conclusion
Considering all of the evidence on all three counts and the logical inferences which may be drawn from such evidence, it cannot be found that petitioner has sustained the burden of proof resting upon him to establish the grounds for the issuance of a writ of habeas corpus.
Accordingly, the petition is dismissed.
Joseph J. Purtill, Judge Trial Referee