[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus filed by petitioner who has served the mandatory portion of a sentence imposed on May 7, 1998, and is now on probation.[1] By her second amended petition, petitioner claims that her conviction and sentence was illegal and the result of ineffective assistance of counsel in violation of the sixth andfourteenth amendment to the United States Constitution and Article 1, § 8 of the Connecticut Constitution. For reasons hereinafter stated, the petition is dismissed.
The evidence indicates that, on or about August 24, 1995, petitioner was arrested on a warrant charging her with the unclassified felony of impairing the morals of a child in violation of C.G.S. § 53-21 and sexual assault in the fourth degree in violation of C.G.S. § 53a-73a, a class A misdemeanor. Initially, petitioner was represented by Public Defender, John S. Papa, Jr. In May 1997, Attorney Elisa Villa took over the defense of petitioner's case. The allegations of ineffective assistance of counsel pertain to Attorney Villa's representation of petitioner. CT Page 15261
The second amended petition alleges that Attorney Villa was remiss in not pursuing discovery and investigating all possible defenses and failed to move for a hearing on a motion to suppress an incriminating statement made by petitioner. It was also alleged that the attorney failed to secure a child expert to assist at all stages of the trial. The petition further alleges that petitioner always maintained her innocence of the charge and desire to go to trial. She claims that she entered a plea of guilty in reliance on Attorney Villa's improper representation that she had no choice but to plead guilty. But for her attorney's actions, or inactions, petitioner would have gone to trial.
It is claimed that Attorney Villa's representation fell below the level of competence required by law and that but for counsel's faulty representation, the outcome of petitioner's case would have been different.
As a defendant in a criminal prosecution, petitioner was "constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings; . . ." Copasv. Commissioner of Correction, 234 Conn. 139, 153 (1995). (Citations omitted.)
The general standard to be applied by habeas corpus in determining whether an attorney effectively represented a criminal defendant is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed. 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992). Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999). CT Page 15262
"In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id.
Where as here petitioner entered a guilty plea, the standard enunciated in Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203
(1985), and quoted in Copas, supra, 234 Conn. 156-57, applies.
In this situation, "the petitioner must show that such a decision to plead not guilty would have been based on the likelihood that the introduction of the evidence for the defense that was not identified because of ineffective assistance of counsel would have been successful at trial . . . [The United States Supreme Court stated that in] many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." (Citation omitted; emphasis added; internal quotation marks omitted.)Henry v. Commissioner of Correction, 60 Conn. App. 313, 318 (2000).
The offense for which petitioner was convicted was alleged to have occurred in 1994 when her granddaughter, then age 5, stayed overnight at petitioner's residence while the child's mother was in the hospital giving birth. The granddaughter subsequently gave the details of the sexual assault to two older girls who then informed the child's mother. The child described the offense to her mother who brought the child to a hospital for an evaluation. The Department of Children and Families was notified and an investigation was started. The child then repeated a description of the event to a social worker and police officers.
Due to psychological problems attributed to the sexual abuse, the child was committed for a thirty day observation period at Newington Children's Hospital. The child was evaluated at other hospitals in regard to CT Page 15263 psychological problems attributed to the assault for which petitioner had been arrested.
On January 14, 1998, petitioner entered a plea of nolo contendere to a charge of violating C.G.S. § 53-21 before the Honorable John Byrne. After a canvass, and the finding of a factual basis for the charge, the plea was accepted and a finding of guilty made. Date was set for sentencing and a pre-sentence investigation with an alternative incarceration plan was ordered. The plea agreement was for no incarceration. If after reviewing the pre-sentence investigation, the judge felt that incarceration was appropriate petitioner could withdraw her plea.
The pre-sentence investigation was prepared and in the "victim's attitude" section of the report, the traumatic effect that the sexual abuse had on the child was stated. The child felt that petitioner should go to jail.
Sentencing was scheduled for April 19, 1998. On that day, the judge stated that the case should be tried and the plea was, in effect, withdrawn.
In April, 1998, the case came up for trial before the Honorable William L. Wollenberg. On April 14, 1998, the case came before the court. Scheduled matters were discussed including how certain motions filed by Attorney Villa would be handled.
On the next day, April 15, 1998, there was a discussion between both counsel and the judge concerning a resolution of the case. After the discussion, petitioner again entered a written plea of nolo contendere to a violation of C.G.S. § 53-29 and the state agreed to nolle the violation of C.G.S. § 53a-73a. On the record, petitioner was informed that the plea to the violation of C.G.S. § 53-29 could expose her to a ten year prison sentence. The judge had indicated in chambers, however, that he would not impose more than two years incarceration. Petitioner was aware of this. In open court, petitioner was again canvassed. After a finding that the plea was voluntary, and that there was a factual basis for it, a finding of guilty was made and the case was continued to May 7, 1998 for sentencing. On that date, after a full hearing, a sentence of five years execution suspended after two years with five years probation was imposed.
 I
Petitioner's claim that her attorney failed to pursue discovery and investigate the case have not been proven. The State's Attorney's Office CT Page 15264 used an open file system and Attorney Villa took advantage of this to review all evidence which the state had. She also had petitioner's voluminous medical reports. The principal evidence in the case was the child's statement and petitioner's confession. The attorney had these documents together with other reports and papers. Later when the case was assigned for trial, Attorney Villa filed a formal request for discovery and a bill of particulars which the state agreed to comply with. The attorney also interviewed the detective who took petitioner's confession. The child's guardian ad item was interviewed to obtain information about the child and her mother. Although there was no evidence as to how a child expert would be of assistance to the defense, Attorney Villa testified that she considered retaining such an expert, but after discussing the child's situation with the guardian ad litem, she rejected the offer. There was also persuasive evidence that Attorney Villa discussed the case with petitioner on many occasions and kept her informed as to the progress to the case. There was insufficient evidence to allow a finding that the attorney's investigation and preparation for trial were remiss or that it fell below the required standard.
 II
Petitioner claims that the confession made by her on July 21, 1995 was involuntary and obtained by force and intimidation. For some time, petitioner had suffered severe medical and psychological problems and had been a substance abuser. She claims that she had been under the influence of prescribed medication at the time of the interview and only made the statement after being threatened that she would never see her granddaughter again if she did not confess. She also testified that she was physically intimidated by Detective Hayes who dragged her to the interview room. Her mother, who drove petitioner to the police station, also testified that her daughter, who had been walking with a cane, was dragged by the arm to the interview room.
It was also petitioner's testimony that she could not read the written statement because she did not have her classes and that she, in fact, signed a blank piece of paper.
Detective Hayes testimony disputed almost all of petitioner's version as to how the confession was obtained. He testified that petitioner had been advised of her Miranda rights at the time of her first interview, and that on July 21, 1995, petitioner was not in custody and was informed that she was free to leave at any time. In this regard, it is noted that the arrest warrant was not issued until August 23, 1995.
The detective testified that he was familiar with people who were under the influence of various substances and that petitioner did not appear to CT Page 15265 be under the influence at the time of her confession. He also testified that petitioner was not threatened, intimidated or physically abused at the time.
In her petition, the petitioner alleges that Attorney Villa was deficient in not moving to suppress the confession as involuntary in light of the testimony which petitioner and her mother would give.
The record, however, clearly shows that Attorney Villa did file a written motion to suppress the confession. On April 14, 1998, there was considerable discussion, on the record before Judge Wollenberg as to how and when the suppression hearing will be held. There is no doubt that a motion to suppress petitioner's confession had been filed and would have been pursued by Attorney Villa if the case went forward. The attorney was aware of petitioner's claim that the confession was obtained by force and coercion and she would have raised these issues at the hearing, Attorney Villa had not been informed of the claim now advanced by petitioner that she was under the influence of medication.
There is nothing to indicate that Attorney Villa's handling of the confession issue or the motion to suppress the confession, fell below the required standard of reasonable competency required of defense counsel.
 III
The petition alleges that petitioner maintained her innocence of the charge throughout the proceeding and that she was ready to go to trial. She alleges that she entered a plea of guilty under the "Alford Doctrine" in reliance on her attorney's representation that she had no other choice.[2] It is petitioner's claim that her right to a fair trial was violated by her attorney and that if she had gone to trial the result would have been different.
The evidence does confirm that on every occasion on which the matter came up before the court petitioner claimed that she did not abuse her granddaughter as charged.
Attorney Villa testified, and the court so finds, that after a conference with Judge Wollenberg and the prosecutor on April 15, 1998, she reviewed the arrest warrant with the petitioner and discussed with her the strength and weaknesses of the case. The attorney stated that she did not think that the chance of success with the motion to suppress were good and that from the information she had received, the child would be a good witness. It would also be credible constancy of accusation testimony to corroborate the child's testimony. Petitioner was informed that if she was convicted after trial, she would receive a longer sentence. Attorney CT Page 15266 Villa was also concerned about petitioner as a witness. Although a motion in limine had been filed, the Attorney feared that petitioner's testimony could be impeached by her criminal record and that because of her many psychological problems, her credibility would suffer.[3] All of these matters had previously been discussed and were then reviewed by the attorney with the petitioner who then elected to enter a plea. Shortly thereafter, in open court, petitioner was questioned by the judge as to whether or not her plea was voluntary. When asked if she understood that by her plea she was giving up her right to trial she replied, "yes, I do, your Honor." The transcript reveals that the following colloquy then took place.
 THE COURT: — by your plea here today? Has anyone threatened or forced you to plead — to enter this plea of nolo?
THE DEFENDANT: No, they haven't.
THE COURT: Are you freely pleading to this charge?
THE DEFENDANT: Yes, I am, your Honor.
For petitioner to succeed on her petition, she must show that there is a reasonable probability that, but for counsel's errors she would not have entered a plea of nolo contendere, but would have gone to trial. Danielv. Commissioner of Corrections, 57 Conn. App. 651, 665
(2000). In the case at bar, petitioner has not proven error or deficient performance on the part of Attorney Villa. The attorney's investigation and preparation for trial were adequate. Appropriate motions were filed and jury selection had started. The attorney presented petitioner with the advantages and disadvantages of excepting a plea bargain stressing the problems which the defense would encounter at trial and the probability of a longer sentence in the event of conviction. It cannot be found that Attorney Villa was deficient in so doing and it has not been proven that petitioner suffered any actual prejudice in electing to enter a plea of nolo contendere as she did voluntarily.
Accordingly, petitioner having failed to prove the essential allegations of the petition, the petition is dismissed.
Joseph J. Purtill, Judge Trial Referee CT Page 15267