[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petition filed February 22, 2001, petitioner seeks a writ of habeas corpus.
For reasons hereinafter stated, the petition is dismissed.
It is undisputed that, pursuant to an information filed in January of 1996, petitioner was the defendant in a criminal prosecution in the Judicial District of Hartford alleging that on June 25, 1995, he committed the offenses of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70 (a)(2) and risk of injury to a minor in violation of Connecticut General Statutes § 53-21.
After trial by jury, petitioner was convicted of the offenses as charged. As a consequence of such conviction, on May 2, 1997, petitioner was sentenced to the custody of respondent for a period of 15 years with the execution suspended after ten years and four years probation on the sexual assault in the first degree charge. On the charge of risk of injury, petitioner was sentenced to seven years in the custody of the Commissioner of Correction which sentence was to run concurrent to the first sentence imposed. The total effective sentence was 15 years execution suspended after ten years with four years probation. Petitioner is now serving this sentence in the custody of respondent.
Petitioner appealed the conviction. In upholding the conviction, the Appellate Court concluded that a jury could find the following facts:
 "On June 25, 1995, the victim's parents took her and her brother to the apartment of the defendant and his wife, Iris Cansler. Iris Cansler, a second cousin of the victim's father, had agreed to babysit the victim and her brother while their parents attended religious services. The victim was five years of age at the time. The victim, who was six years of age at the time CT Page 11406 of trial, testified that on June 25, 1995, `Jack' touched her `totico' with his tongue. The victim also testified that on the evening of June 25, 1995, when her mother was bathing her, she informed her of the incident and that the perpetrator was named Jack." State v. Cansler, 54 Conn. App. 819, 822 (1999).
 I.
Throughout the proceedings, petitioner was represented by Attorney Richard L. Zayas, a privately retained lawyer. By the first count of his petition, it is claimed that Attorney Zayas' representation was constitutionally ineffective and that petitioner was denied his right to the effective assistance of counsel in violation of the United States Constitution, amendment VI, and the Connecticut Constitution, Article 1, § 8.
As a defendant in a criminal prosecution, petitioner was "constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings." This right arises under the sixth and fourteenth amendments to the United States constitution" Copas v. Commissioner of Correction, 234 Conn. 139, 153
(1995). (Citations omitted.)
The general standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed. 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992)." Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999).
"In order to succeed in a claim of ineffective assistance of counsel, CT Page 11407 the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id.
The allegations of the first count fall into two general categories. The first claim is that Attorney Zayas failed to adequately prepare petitioner's case for trial. The second claim is that the attorney did not adequately represent petitioner at trial.
It is claimed that, in preparing for trial, Attorney Zayas did not determine and develop petitioner's version of the facts. The evidence indicates that the attorney conferred with both petitioner and his wife concerning what occurred in their apartment on June 25, 1995. From the information obtained from petitioner and his wife, as well as other information obtained from the state's file, it must be concluded that the petitioner's version of the facts was fully developed and that the attorney understood petitioner's claims. Basically, petitioner's position was that he did not commit the sexual assault on the child and that, considering the size of the apartment and the people present, it could not be proven that he had the opportunity to commit the offense.
It is claimed that Attorney Zayas did not investigate facts relating to the credibility of the victim and her family. The evidence indicates that petitioner's wife divulged information to Attorney Zayas about the victim and her family. It does not appear that the attorney hired an investigator to look further into these matters. An investigation may have developed information which might have been helpful in cross examination of the victim and her mother. There was no evidence, however, as to what relevant information might have been discovered by such investigation except for possible dislike of petitioner by the mother. The attorney must have learned this information from petitioner's wife. The court cannot speculate as to what information could have been obtained or how it would have aided petitioner's case.
It is claimed that the attorney did not use available means of discovery. At all relevant times, the state was using the open file procedure and Attorney Zayas took advantage of this procedure. There is nothing to indicate that any further discovery would have been productive.
It is alleged that Attorney Zayas was deficient in not obtaining an expert who could have assisted him in the preparation of the case involving a child claiming to be the victim of a sexual assault. CT Page 11408
An expert in the trial of criminal cases testified that there is a growing trend among attorneys defending such cases to retain the services of an expert. In 1997, when this case was tried, this trend was not as prevalent. This attorney testified that the expert might not be called to testify but could be of assistance in advising the defense counsel concerning the credibility of the child and the validity of statements made by the child to investigators and others who might be able to testify under State v. Troupe, 237 Conn. 284 (1996). This opinion was supported by the testimony of Dr. Eric Mart, a forensic psychologist.
Attorney Zayas did not retain the services of an expert such as Dr. Mart. His decision appeared to have been influenced by the basic facts of the case. Both petitioner and Attorney Zayas testified that prior to trial they felt that the state did not appear to have a strong case. There was no physical evidence of any sexual assault and because of the layout of the apartment and the people in the apartment it was considered doubtful that a sexual assault as claimed by the state could be proven. Considering these factors, the tactical decision was made that no expert would be necessary. Under the facts of this case, this decision was not unreasonable.
It is further alleged in the petition that Attorney Zayas failed to communicate with petitioner and to advise him concerning his options. This has not been proven. The better evidence indicates that prior to trial, the attorney met with petitioner and kept him advised as to the situation. The state's offers to resolve the case short of trial were discussed and rejected by petitioner whose position was that he did not commit the offense and refused to enter a guilty plea. As previously noted, both Attorney Zayas and petitioner had assessed the state's case and considered that it was weak.
Attorney Zayas testified that during the trial he advised petitioner not to testify and that petitioner followed this advice and did not testify. At the time, petitioner had the opportunity to testify, the victim had already testified and had failed to identify petitioner as the person who assaulted her. Her testimony was that the perpetrator was Jack, but that Jack was not in the courtroom. In advising his client not to testify, Attorney Zayas felt that petitioner's denial was before the jury and that there was considerable risk in petitioner's testifying and making himself subject to cross examination.
It cannot be found that in advising his client not to take the stand under such circumstances, the attorney's conduct fell below the reasonable standards of competency required of a criminal lawyer. The CT Page 11409 trial judge questioned petitioner concerning his election not to testify, and it must be concluded that petitioner understood that he had the option to testify or not testify.
It is claimed that Attorney Zayas did not properly prepare for trial. A review of State v. Cansler, supra, 54 Conn. App. 819, and the other evidence before the court requires the conclusion that this allegation has not been proven.
Although it has not been specifically alleged, there was testimony that Attorney Zayas was deficient in not alerting petitioner's family who lived in Texas concerning the trial date. Petitioner's sister, an attorney, testified that she and other members of the family would have been present to support petitioner during the trial. She testified that she first learned of the trial after petitioner's conviction.
Petitioner's expert on attorney conduct testified that it was desirable for a defendant's family to be in the courtroom during the trial of a criminal case to demonstrate to the jury the family's support and that defendant had not been abandoned.
Attorney Zayas discussed the attendance of petitioner's family with petitioner and his wife sometime before the trial. Although the case was assigned for trial on rather short notice, jury selection occupied three to four days before the actual start of evidence. Petitioner's family could have been alerted during this period and they would have ample time to have traveled to Connecticut. Petitioner or his wife could have called the family in Texas, but did not do so. Petitioner's expert stated that it was not unreasonable for an attorney to rely on a defendant or his wife to perform this function. As petitioner, or his wife who retained Attorney Zayas and who appears to have taken an active part in petitioner's defense, failed to alert petitioner's family of the trial, it cannot be found that the attorney was deficient in this regard. Also, while the presence of a supporting family in the courtroom might be desirable, it would be speculation as to what actual effect such presence might have on the verdict. Experience has shown that many convictions occur to the lamentations of a defendant's supporting family in the courtroom.
It is alleged that Attorney Zayas failed to properly cross examine witnesses. The principal claim in this regard is the attorney's election not to cross examine the child victim.
During her direct examination, the child victim testified that she had been assaulted by a person whom she identified as Jack. The child failed CT Page 11410 to identify petitioner who was in the courtroom as the person who assaulted her and she testified that Jack was not in the courtroom. The child was allowed to walk around the courtroom so that she could observe everyone present. She obviously saw petitioner, yet she still testified that Jack was not in the courtroom.
The luncheon recess followed the child's testimony. During the recess, although he anticipated that the child might alter her testimony when trial was resumed, Attorney Zayas testified that he agonized over whether to cross examine the child. He discussed this situation with more experienced attorneys and decided not to question the child. State v.Cansler, supra, 54 Conn. 823 n. 5.
It cannot be found that Attorney Zayas was deficient in making this tactical decision. Aside from problems which might be expected to arise in the cross examination of a child, the situation which existed at the time the attorney had to make the decision was that the victim had testified about the offense but had failed to identify petitioner as the perpetrator and had stated that Jack was not in the courtroom. Under these circumstances, the decision to get the witness off the stand as quickly as possible and not allow her to alter her testimony or the state to question her further on redirect was not unreasonable.
Attorney Zayas' final argument to the jury was also criticized in that it is claimed that he supported the credibility of the child victim. Attorney Zayas' argument was to the effect that if the jury believed the child, then they would have to believe that Jack, who assaulted the child, was not in the courtroom and, therefore, that plaintiff should be exonerated. While the attorney's argument may be considered to have supported the credibility of the child, this was a tactical decision made by the lawyer in the conduct of the trial.
The first count also alleges that Attorney Zayas was deficient in that he did not raise and address the competency of the child victim's ability to testify. It cannot be found that petitioner suffered any prejudice resulting from any such failure. Connecticut General Statutes § 54-86h
would allow the child to testify, and there was nothing to indicate that the child's ability to testify was so inherently unreliable as to violate petitioner's right of confrontation or due process. Petitioner suffered no prejudice as a result of this issue not being raised.
In view of all the evidence, it must be concluded that petitioner has failed to prove the allegations of the first count that in representing him, Attorney Zayas' performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary CT Page 11411 training and skill in the criminal law or that the attorney's actions contributed significantly to his conviction so as to deprive him of a fair trial. Mercer v. Commissioner of Correction, supra, 51 Conn. App. 641.
 "It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense, after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Doehrer v. Commissioner of Correction, 68 Conn. App. 774, 778
(2002).
Ineffective assistance of counsel has not been proven.
 II.
The second count of the petitioner alleges prosecutorial misconduct in that it is alleged that during closing argument, the state's attorney prosecuting petitioner's case made certain wrongful comments to the jury and that Attorney Zayas failed to object to such conduct or request a curative instruction or a mistrial.
On appeal, the claim of prosecutorial misconduct by the state's attorney was made with respect to the testimony of a detective. The claim of improper final argument set forth in the second count was not raised in this appeal, although they could have been. State v. Adam H.,54 Conn. App. 387 (1999), cert. denied 251 Conn. 905 (1999). No evidence of good cause and actual prejudice has been presented and it must be concluded that petitioner is procedurally defaulted and not entitled to claim these issues by way of a writ of habeas corpus.
 III. CT Page 11412
It is found that petitioner did not deliberately bypass the orderly procedure of a direct appeal with respect to count one. Count two is not appropriate for collateral review.
 IV.
For reasons above stated, the petition for writ of habeas corpus is dismissed.
Joseph J. Purtill Judge Trial Referee CT Page 11413