[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his amended petition dated October 20, 2000, petitioner seeks a writ of habeas corpus.
For reasons hereinafter stated, the petition is dismissed.
Petitioner was the defendant in a criminal prosecution in the Judicial District of New London, G.A. 21 at Norwich. After trial by jury, he was convicted of robbery in the second degree, in violation of Connecticut General Statutes § 53a-135, and larceny in the sixth degree, in violation of Connecticut General Statutes § 53a-125b. As a consequence of this conviction, petitioner was sentenced to a term of three years imprisonment on the robbery charge with execution suspended after 18 months and three years probation. A 90-day concurrent sentence was imposed on the larceny charge. At the time of the habeas trial, petitioner had completed the period of incarceration and was serving the probationary portion of the sentence.
Petitioner was initially represented in the proceedings at G.A. 21 by Attorney Edward O'Regan. At the time, Attorney O'Regan was the supervising public defender at G.A. 21. Prior to the case being assigned for trial, a judicial pretrial was scheduled before the Honorable Susan B. Handy, presiding criminal judge, at the New London Judicial District Courthouse in New London. When petitioner arrived for the pretrial, he was met by Attorney Richard Perry, a public defender on the staff at G.A. 21. Attorney Perry notified petitioner that he would be then representing him. Attorney Perry did represent petitioner through the remaining pretrial proceedings and the subsequent jury trial. It is petitioner's claim that Mr. Perry's representation of him was inefficient and that he was therefore deprived of his constitutional right to effective assistance of counsel in violation of his rights under the United States Constitution, Amendment IV, and Connecticut Constitution, Article 1, Section 8. As a defendant in a criminal prosecution, petitioner was "constitutionally entitled to adequate and effective CT Page 12022 assistance of counsel at all critical stages of criminal proceedings.". . . This right arises under the sixth and fourteenth amendments to the United States constitution" Copas v. Commissioner of Correction,234 Conn. 139, 153 (1995). (Citations omitted.)
The general standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed. 674 (1984). "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992)." Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999).
"In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id.
It is alleged that Attorney Perry was constitutionally ineffective because he did not request a continuance of the pretrial since, as plaintiff claims, he knew nothing about the case. Although Attorney Perry had no specific recollection of the judicial pretrial of petitioner's case, he testified that it was his usual procedure to review all files before a pretrial and that the public defender's files contained all of the information which the office had on the particular case. It is highly probable then that Attorney Perry had sufficient information so as to participate in the pretrial of petitioner's case.
It is extremely unlikely that petitioner suffered any prejudice as a result of the pretrial. Prior to the judicial pretrial before Judge Handy, the case had been pretried with the prosecutor at G.A. 21 and a CT Page 12023 judicial pretrial had been held at that court. The prosecutor's original recommended sentence involved a one-year incarceration, which petitioner rejected. Both judicial pretrials resulted in recommendations for a sentence involving a period of incarceration followed by a suspended sentence and probation. At the habeas trial, petitioner indicated that he would not have entered a plea to any sentence involving both incarceration and probation.
It must be concluded that petitioner would not have accepted any of the offers made and that he suffered no prejudice as a result of Attorney Perry's representing him at the judicial pretrial held before Judge Handy.
It is also alleged that Attorney Perry should have requested a continuance to prepare for trial. The trial did not follow immediately after the last judicial pretrial. There was nothing to indicate that Attorney Perry did not have sufficient time to prepare for trial. He testified that the case was relatively simple and a principle issue was one of credibility.
According to petitioner, he gave a young man a ride in his car. The passenger requested that they stop to pick up a person who became the victim. An altercation then took place between the passenger and the victim outside of the car while petitioner remained in the vehicle. The robbery occurred at that time.
At trial, the victim testified that it was petitioner who robbed him.
The jury must have believed the victim.
It is alleged that the victim told a different version of the event at trial from the one which he had previously given to the police and that Attorney Perry failed to cross examine him on this discrepancy.
There was not sufficient evidence presented at the habeas trial to find that Attorney Perry was inefficient in this regard as claimed. Attorney Perry testified that he had read the witness' prior statement. No transcript of the trial was put in evidence and there was no evidence as to what the discrepancies, if any, were or what effect they may have had on the jury. It must be concluded that the failure to impeach the witness has not been proven. The petitioner alleges that the jury panel, from which the jury was selected, was all white with one African-American who was challenged by the state. Petitioner is an African-American and it is claimed that Attorney Perry was remiss in not challenging the jury selection process. CT Page 12024
Petitioner testified that there were no African-Americans on the jury panel from which the jury which tried him was selected. He stated that this was brought to Attorney's Perry's attention, but that Perry informed him that he had "lost his right to affirmative action".
Perry denied using the "affirmative action" term. The attorney testified that he had a background which involved helping to develop the jury system at the state level and that he was familiar with the process by which jury panels were selected from the population. He concluded that a challenge to the jury array in petitioner's case would not be successful. Petitioner presented no evidence to prove that a challenge to the jury selection process would have been successful. It must therefore be concluded that he has not proven this claim.
There was no evidence concerning the peremptory challenge of the minority person by the state involving a possible claim under Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), as alleged. It must be concluded that this allegation has not been proven.
It is alleged that Attorney Perry was remiss in not calling character witnesses on petitioner's behalf at trial. According to petitioner, two such witnesses were available to offer such testimony. Both of these witnesses were related to petitioner and their testimony was open to a claim of bias on the basis of this relationship. One of the witnesses was incarcerated at the time and could have been impeached on this point. Attorney Perry elected not to call these character witnesses. There was no evidence as to what the witnesses might say or how effective they might have been if called. It cannot be found that Attorney Perry's decision not to call these witnesses was inefficient or that petitioner suffered any prejudice as a result of their not testifying.
It is also alleged that Attorney Perry failed to inform petitioner what the maximum sentence he could expect would be if he was convicted of both offenses charged. Petitioner claimed that he thought that the maximum sentence was one year. This claim does not appear to be credible. The original sentence recommendation by the prosecutor was for one year to serve and the sentence offered at both judicial pretrials involved maximum exposure of three years. Petitioner was made aware of these offers and rejected them.
Attorney Perry's testimony that he was certain that he informed petitioner what the elements of the offenses were and what the maximum sentence was is more credible than petitioner's version. CT Page 12025
"In Strickland, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel', s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) Henry v. Commissioner of Correction,60 Conn. App. 313, 317-18, 759 A.2d 118 (2000);Barham v. Commissioner of Correction, 72 Conn. App. 1, 6 (2002).
Considering all of the evidence, it must be concluded that petitioner has failed to establish that Attorney Perry's performance in representing him fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law and that petitioner was not deprived of a fair trial as a result of his representation by Attorney Perry.
Accordingly, the petition is dismissed.
 Joseph J. Purtill Judge Trial Referee
CT Page 12026