BRUCE ZOLLO *v.* COMMISSIONER OF CORRECTION
(AC 25751)

Schaller, Flynn and DiPentima, Js.*

Submitted on briefs December 2, 2005—officially released February 14, 2006

*George C. Springer, Jr.*, filed a brief for the appellant (petitioner).

*Christopher L. Morano*, chief state's attorney, *Christopher T. Godialis*, assistant state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Bruce Zollo, appeals following the habeas court's denial of his petition for

---

* The listing of judges reflects their seniority status on this court as of the date the appeal was submitted on the briefs.

certification to appeal from the judgment dismissing his second amended petition for a writ of habeas corpus. We dismiss the appeal.

On May 18, 1993, the petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), attempt to commit sexual assault in a spousal relationship in violation of General Statutes §§ 53a-49 and 53a-70b, and two counts of sexual assault in a spousal relationship in violation of General Statutes § 53a-70b.[1] Thereafter, he was sentenced to a total effective sentence of fifty years incarceration. The sentence was affirmed by the sentence review division of the Superior Court, and the petitioner's conviction was affirmed on direct appeal to this court. *State v. Zollo*, 36 Conn. App. 718, 654 A.2d 359, cert. denied, 234 Conn. 906, 660 A.2d 859 (1995).

The petitioner filed a second amended petition for a writ of habeas corpus alleging, inter alia, ineffective assistance of counsel at trial because his counsel had failed (1) to investigate the case, (2) to cross-examine the state's witnesses adequately, (3) to conduct an adequate defense, (4) to challenge the admissibility of the state's DNA evidence and (5) to preserve for appeal issues regarding the DNA evidence. As part of his ineffective assistance of counsel claim, the petitioner also alleged that his trial counsel improperly represented him at his sentencing hearing and before the sentence review board after the petitioner had filed a pro se petition for a writ of habeas corpus alleging ineffective assistance of counsel.[2] The habeas court held a hearing on the petition on September 23, 2003. At the hearing, the petitioner presented his own testimony as well as

---

[1] The petitioner was found not guilty of a separate count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3).

[2] The petitioner also included a claim that the state had withheld exculpatory evidence from him, but he abandoned that claim prior to the habeas court's resolution of his petition.

testimony from his trial counsel and Joseph Biondi, a detective with the West Haven police department. The respondent commissioner of correction cross-examined the petitioner's witnesses and recalled the petitioner's trial counsel.

The court found Biondi and the petitioner's trial counsel to be credible witnesses and did not find the petitioner credible. On the basis of its review of the trial court proceedings during the petitioner's criminal trial and the evidence adduced at the hearing on the second amended petition for a writ of habeas corpus, the habeas court concluded that, rather than showing that the petitioner's trial counsel provided ineffective assistance, the evidence suggested that his counsel had done an excellent job of representing the petitioner. Additionally, the court concluded that the petitioner had presented no evidence that had his trial counsel provided ineffective assistance, he was prejudiced so as to leave in question the verdict that had been rendered. See *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The court also concluded that the petitioner's claim that his attorney provided ineffective assistance of counsel at his sentencing and before the sentence review board was without merit. The crux of the petitioner's claim was that because he had filed a petition for a writ of habeas corpus in which he had alleged ineffective assistance of trial counsel, his counsel had a conflict of interest that prevented him from adequately representing the petitioner at sentencing and before the sentence review board.

Unlike other claims of ineffective assistance of counsel, where a petitioner claims that his counsel's performance was deficient because of an actual conflict of interest, prejudice does not need to be established. *Mercer* v. *Commissioner of Correction*, 51 Conn. App. 638,

643, 724 A.2d 1130, cert. denied, 248 Conn. 907, 731 A.2d 309 (1999). "Where there is an actual conflict of interest, prejudice is presumed because counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. . . . In a case of a claimed conflict of interest, therefore, in order to establish a violation of the sixth amendment the defendant has a two-pronged task. He must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance." (Internal quotation marks omitted.) Id. We stress, however, that to sustain his burden, the petitioner must establish that an actual conflict existed; the mere possibility of conflict is insufficient. Id., 645.

In the present case, the habeas court concluded that the petitioner failed to meet his weighty burden. Far from proving that an actual conflict existed because of the petitioner's pro se petition for a writ of habeas corpus, which was not pursued, or that such a conflict adversely affected his counsel's performance, the court concluded that the record indicates that the petitioner's trial counsel "made a complete and adequate argument on behalf of his client." Our review of the record convinces us that the habeas court properly found that no actual conflict existed and that, therefore, the petitioner's counsel provided him with effective assistance.

We have carefully reviewed the record and briefs and conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

The appeal is dismissed.