STATE OF CONNECTICUT *v.* JEREMIAH
SAMUEL, JR.
(AC 18658)

Lavery, Mihalakos and Daly, Js.

Argued December 7, 1999—officially released March 21, 2000

*Mary Anne Royle*, special public defender, for the appellant (defendant).

*Toni Smith-Rosario*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Amy Sedensky*, assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. This appeal arises from a judgment of revocation of probation after a hearing held pursuant to General Statutes § 53a-32 (a).[1] The defendant, Jeremiah Samuel, Jr., claims that the trial court improperly (1) found him to be in violation of probation because there was insufficient evidence of a violation and (2) found that his conduct constituted "threatening" as defined in General Statutes § 53a-62.[2] We affirm the judgment of the trial court.

The following facts, adduced at the probation hearing, are relevant to this appeal. On February 20, 1998, the

[1] General Statutes § 53a-32 (a) provides in relevant part: "At any time during the period of probation . . . the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . . Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation . . . ."

[2] General Statutes § 53a-62 (a) provides: "A person is guilty of threatening when (1) By physical threat, he intentionally places or attempts to place another person in fear of imminent serious physical injury, or (2) he threatens to commit any crime of violence with the intent to terrorize another, to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or (3) he threatens to commit such crime in reckless disregard of the risk of causing such terror or inconvenience."

defendant pleaded guilty to assault in the third degree in violation of General Statutes § 53a-61, threatening in violation of § 53a-62 and reckless endangerment in violation of General Statutes § 53a-63. He was sentenced to a total effective sentence of three years, execution suspended, and two years probation. The special conditions of probation were that he attend domestic violence counseling sessions and not pose threats or assaults toward the victim, Marlo Biggs.

On March 18, 1998, the defendant was arrested after banging on the door of Biggs' home, trying to get in the house through the windows when she refused him access, and subsequently throwing objects through the rear passenger side window and back windshield of a motor vehicle owned by Biggs' friend, Eric Torres. The defendant also was accused of crashing his car into the right front area of Biggs' vehicle. The defendant was charged with criminal mischief in the first degree in violation of General Statutes § 53a-115, reckless driving in violation of General Statutes § 14-222, criminal trespass in the third degree in violation of General Statutes § 53a-109 and breach of the peace in violation of General Statutes § 53a-181. Thereafter, the defendant was charged with violating his probation based on the March 18, 1998 arrest.

The following testimony was adduced at trial. On March 18, 1998, the defendant went shopping with Biggs, by whom he has two children. They later returned to her home, and the defendant then went out again. Upon his return, he observed Torres' car outside the apartment building and, upon entry, found Biggs and Torres in bed. The defendant yelled and cursed at Torres, then left the apartment and got into his car to leave. The defendant was followed outside by Torres, who hit the rear passenger window of the defendant's vehicle with a baseball bat. In trying to avoid further blows,

the defendant swerved and crashed his car into Torres' vehicle.

Thereafter, as Torres was going back inside the residence, the defendant got out of his car, threw an object[3] through the rear passenger side window of Torres' car and left. Upon his return shortly thereafter, the defendant threw another object at Torres' car, this one through the back windshield. The defendant then left the scene again, and later telephoned Biggs and tried to apologize to her and to ask her "why I seen what I seen."

The court found that the defendant's actions constituted breach of the peace and criminal mischief, as well as a threat against Biggs, and revoked his probation and imposed a sentence of thirty-three months. This appeal followed.

The defendant claims first that the court improperly found that he violated the terms of his probation because the state did not allege that he had threatened Biggs and did not prove by a fair preponderance of the evidence that he violated the conditions of probation in the manner alleged. The defendant argues that the state did not proceed on the theory that he threatened Biggs, and so the court found improperly that the defendant violated his probation for reasons "not stated in the four corners of the affidavit and notice." We disagree.

To support a finding of probation violation, "the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his . . . probation." *State* v. *Davis*, 229 Conn. 285, 302, 641 A.2d 370 (1994). "In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence.

---

[3] It is unclear what the object was because it is referred to in the record both as a cinder block and as a brick.

. . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . . A fact is more probable than not when it is supported by a fair preponderance of the evidence." (Citation omitted; internal quotation marks omitted.) *State* v. *Welch*, 40 Conn. App. 395, 401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996).

"[U]nder § 53a-32, a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf. General Statutes § 53-32 (a). If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the

defendant to serve the sentence imposed or impose any lesser sentence. General Statutes § 53a-32 (b). In making this second determination, the trial court is vested with broad discretion. *State* v. *Smith*, 207 Conn. 152, 167, 540 A.2d 679 (1988) ([a] defendant who seeks to reverse the exercise of judicial discretion, assumes a heavy burden). *State* v. *Davis*, [supra, 229 Conn. 289–90]." (Internal quotation marks omitted.) *State* v. *Treat*, 38 Conn. App. 762, 766–67, 664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995).

"A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation . . . rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. . . . In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." (Citations omitted; internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 484, 723 A.2d 817 (1999).

Here, at the defendant's violation of probation hearing, the state argued that it had proven by a fair preponderance of the evidence that the defendant had violated his probation, "[s]pecifically, that the defendant violated the laws of Connecticut while on probation. The state's position is that the defendant committed on March 18, 1998, a criminal mischief in the third degree, criminal trespass in the first degree, disorderly conduct and breach of [the] peace." The defendant claims that because the state's position did not include an allegation of threatening, the court determined improperly that

he had violated his probation based on the alleged threatening.

The notice to appear and complaint state specifically: "The police arrested the offender and charged him with criminal mischief [in the first degree], reckless driving, criminal trespass [in the third degree] and breach of [the] peace, violating the terms of his probation." Although the defendant accurately points out that the state did not include threatening as a reason for proceeding with the revocation, in promulgating his claim, the defendant seems to ignore the fact that his actions were not only found by the court to have constituted threatening, but also breach of the peace and criminal mischief.

In its decision, the court stated: "Under all the facts and circumstances, the state has proven its case by [a] preponderance of the evidence. . . . [T]he defendant acted in a threatening manner toward the victim, Ms. Biggs, *and . . . he also at* [a] *minimum breached the peace . . . and* [*committed*] *criminal mischief because he damaged the property of another*." (Emphasis added.)

General Statutes § 53a-181 (a) provides in relevant part: "A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . ." " 'Violent' is defined as 'characterized by extreme force' and 'furious or vehement to the point of being improper, unjust, or illegal.' Webster, Third New International Dictionary." *State* v. *Lo Sacco*, 12 Conn. App. 481, 490, 531 A.2d 184, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987). It is reasonable to conclude that throwing an object, by the defendant's own characterization, a brick, through a car window, is violent behavior. It was, therefore, reasonable for the court to conclude that the defendant

had engaged in action constituting breach of the peace. This finding was supported by the defendant's own testimony in the revocation hearing. Applying the clearly erroneous standard review to the record before us, we conclude that on the basis of the evidence presented at the hearing, the court reasonably could have found, by a preponderance of the evidence, that the defendant violated his probation by engaging in breach of the peace and criminal mischief and, thus, violated the criminal laws of the state of Connecticut. Because we have so determined, we do not need to address the defendant's argument that he was not afforded adequate notice that he faced probation revocation on the grounds of threatening. We conclude, therefore, that the court's finding of a violation of probation is not clearly erroneous and that the court did not abuse its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.

