[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his first amended petition, petitioner seeks a writ of habeas corpus claiming that he is in the custody of respondent illegally. Petitioner claims that his conviction and sentence resulted from ineffective assistance of counsel in violation of his rights under the federal and CT Page 16759 state constitutions.
For reasons hereinafter stated, the petition is dismissed.
From the evidence, it is found that on or about February 21, 1997, petitioner was convicted of risk of injury to a minor in violation of Connecticut General Statutes § 53-21 and sexual assault in the second degree in violation of Connecticut General Statutes § 53a-71. As a result of this conviction, petitioner received a sentence of seven years execution suspended after 18 months with three years probation with conditions which included sex offender treatment.
Petitioner was discharged from custody on or about February 25, 1998 and commenced the probationary period of his sentence.
On or about June 15, 1998, petitioner was arrested for violation of his probation. The violation of probation charge was based upon petitioner's conviction of criminal trespass, interfering with an officer and reckless driving. It was also charged that petitioner had been unsatisfactorily discharged from his sex offender treatment program. After being found by the court to be in violation of his probation, petitioner was resentenced to a five and a-half year prison term with execution suspended after 45 days followed by three years probation. The standard terms of probation were imposed and the court again ordered petitioner to receive sex offender treatment. After serving the 45 days, petitioner resumed probation.
In May of 1999, petitioner was arrested under the authority of a warrant for a second violation of probation. He was presented before the Superior Court, G.A. 6, where Attorney Renee Cimino, a public defender, was assigned to represent petitioner. Attorney Cimino represented petitioner on the violation of probation charge and it is her representation that plaintiff claims it was unconstitutionally deficient.
As a defendant in a criminal proceeding, petitioner was "constitutionally entitled to adequate and effective assistance of counsel at all critical stages of the criminal proceeding. Strickland v.Washington, supra, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984). This right arises under the Sixth and Fourteenth amendments to the United States Constitution and Article 1st, § 8 of the Connecticut Constitution." Copas v. Commissioner of Correction, 234 Conn. 139, 153
(1995).
The general standard to be applied by habeas courts in determining whether an attorney effectively represented a criminal defendant is set CT Page 16760 forth in Strickland v. Washington, supra, 466 U.S. 668. "In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice . . . thus, he must establish not only that his counsel's performance was deficient, but as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . In this context, a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case. . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome. . . .Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46, 610 A.2d 592
(1992)." Mercer v. Commissioner of Correction, 51 Conn. App. 638, 640-641
(1999).
"In order to succeed in a claim of ineffective assistance of counsel, the petitioner must prove: (1) that his counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law; and (2) that this lack of competence contributed so significantly to his conviction as to have deprived him of a fair trial." Id.
Only if the petitioner succeeds in this herculean task will he receive a new trial. Denby v. Commissioner of Correction, 66 Conn. App. 809,812-813 (2001).
In his petition, it is claimed that Attorney Cimino was deficient in that she failed to file an appeal within the time allowed by the Practice Book. It is also alleged that during the violation of probation hearing, Attorney Cimino failed to call key witnesses and to make objections to prejudicial evidence.
 I.
The facts surrounding the failure to appeal are not greatly in dispute. At the conclusion of the violation of probation hearing, petitioner was advised by the court of his right to appeal. Petitioner indicated to counsel his desire to appeal and filed an application for a fee waiver, which was granted. Attorney Cimino ordered a transcript of the violation of probation proceedings shortly after the hearing, but did not file an appeal. On a number of occasions, petitioner and his mother contacted Attorney Cimino about the appeal. In February, 2001, petitioner informed the attorney that he was going to file a habeas corpus action against her because of her failure to file the appeal. Attorney Cimino CT Page 16761 contacted the Chief Public Defender's Office and it was confirmed that no appeal had been taken within the 20 days allowed by the Practice Book. A motion for permission to file a late appeal was then made by Attorney Cimino. The motion was granted and an appeal was filed.
Attorney Marianne Royle was appointed to represent petitioner in the appeal, which is now pending before the Appellate Court. In the appeal, Attorney Royle has raised two issues: (1) that the finding by the court that petitioner was in violation of his probation was clearly erroneous because the record would not support this finding by a preponderance of the evidence; and (2) the sentence imposed was an abuse of discretion.
At the trial on the habeas petition, an attorney, learned in criminal law, was called by petitioner and testified as an expert. The expert witness opined that the delay in taking the appeal was inappropriate and could have been avoided. He also expressed doubt concerning the legal sufficiency of the appeal as presented. The expert did not feel that the appeal had great merit.
There is no doubt but that there was inefficiency in the failure to file the appeal within the time allowed by Practice Book § 63-1(a). The attorney should have made certain that the appropriate documents were filed on time. Before a writ of habeas corpus may be obtained, however, petitioner must suffer actual prejudice as a result of the deficiency.Mercer v. Commissioner of Correction, supra, 51 Conn. App. 641.
In this case, as soon as she realized that the appeal had not been taken, Attorney Cimino requested permission to file a late appeal. This request was granted. The appeal was promptly filed then. At this point, it would be pure speculation as to whether petitioner suffered any prejudice as a result of the delay in filing.
It could be argued that if the appeal had been filed in October, 1999, rather than February, 2001, the appellate decision would have been forthcoming much sooner. This, however, is not certain. Although the appellate issues do not appear to be complicated, experience shows that appellate decisions are not always rendered on the basis of first in, first out. Also, at the present time, petitioner's success with the appeal is pure speculation. The opinion expressed by petitioner's expert concerning his chances of success with the appeal does not reduce the degree of speculation.
Petitioner has failed to prove that he suffered any prejudice as a result of the failure to file the appeal as alleged in the petition.
 II. CT Page 16762
It is also alleged that Attorney Cimino's representation of petitioner during the violation of probation hearing was constitutionally deficient. It is alleged that the attorney failed to call witnesses on behalf of petitioner and that she failed to object to certain evidence offered by the state during the hearing. It was claimed by petitioner's expert that if proper objections had been filed, petitioner's opportunity for a successful appeal would have been enhanced.
Petitioner was arrested on a warrant applied for on March 29, 1999, alleging a violation of probation. In the warrant, it was claimed that petitioner violated his probation in three ways. It was alleged that he was behind in his payments due for sex offender treatment resulting in his being unsatisfactorily discharged from the program. It was also alleged that he rendered two urine samples containing metabolites of cannabinoids and that he failed to report to the probation officer as required.
It is assumed that petitioner denied these violations because the matter came before the court (Devlin, J.) for a hearing on the violation of probation.
"A probation revocation hearing has two distinct components. `The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation. . . . If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation or conditional discharge . . . and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion.'" Statev. Samuel, 57 Conn. App. 64, 68-69, 747 A.2d 21 (2000); State v.Russell, 58 Conn. App. 275, 279-80 (2000).
At the hearing, the state called as its first witness Robert Wannagot, petitioner's probation officer. This officer testified concerning petitioner's history while on probation. Much of this testimony was not favorable to petitioner. Petitioner's expert witness testified that Attorney Cimino was deficient in not stipulating to the fact that petitioner was on probation. The expert opined that the stipulation would have kept out much of the testimony which came in through the probation officer. There was, however, nothing to indicate that the state would have agreed to such a stipulation and it is extremely doubtful that the CT Page 16763 state would have done so or that if some facts were stipulated to petitioner's probationary history would not have come before the court.
It is undisputed that the probation officer referred petitioner to the substance abuse treatment unit (SATU). It is alleged that petitioner requested his attorney to call certain Witnesses from that organization who petitioner claimed would have testified on his behalf. Attorney Cimino considered calling such witnesses, but decided not to do so. The state called Dr. Michael M. Copenhaver, who had just completed an internship at SAW and who was familiar with petitioner. Attorney Cimino felt that sufficient favorable testimony had been elicited from Dr. Copenhaver so that calling other witnesses would not be necessary. The record indicates that Dr. Copenhaver testified that petitioner was a moderate to heavy user of marijuana and that under such circumstances the second dirty urine could have reflected cannabinoids which had remained in petitioner's system since the date of the prior test. The doctor also testified that a subsequent test was negative and that SATU would have taken him back if it was ordered by the court.
There was no evidence at the habeas trial as to what these other witnesses urged by petitioner would have said in his support . . . Under the circumstances, it cannot be found that the tactical decision by Attorney Cimino not to call additional witnesses was constitutionally deficient.
It was alleged in the petition that Attorney Cimino failed to object to hearsay. Petitioner's expert testified that much of the testimony concerning the toxicology reports which showed that petitioner had been using marijuana was hearsay and that if Attorney Cimino had objected to the admission of such evidence, the state could not have proven petitioner's use of this substance. Petitioner's expert would have been correct if it were a trial and not a violation of probation hearing.
"[R]evocation of [probation] is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to [probation] revocations." Morrissey v. Brewer, 408 U.S. 471,480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). A probation revocation hearing "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Id., 488. A probationer is entitled to be heard and show, if possible, that a violation did not occur. The inquiry is a narrow one and "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id., 489.
"The process, however, is not so flexible as to be completely CT Page 16764 unrestrained; there must be some indication that the information presented to the court is responsible and has some minimal indicia of reliability." State v. Young, 63 Conn. App. 794, 798-99 (2001).
Certainly the toxicological reports and other evidence of petitioner's marijuana use had sufficient indicia of reliability so as to be admissible at the violation of probation hearing. Such evidence would have been admitted even if Attorney Cimino had objected. Although it was during the second phase of the hearing, petitioner himself admitted to using marijuana.
Attorney Cimino testified that in her representation of petitioner, she concentrated, not on the technical niceties of a defense to the violation, but on reducing any sentence which might be imposed as a result of a violation. This strategy was not unreasonable. It is clear that the state could prove that petitioner violated his probation by a preponderance of the evidence. The fact that petitioner missed one appointment with his probation officer and offered a lame excuse was a violation. Evidence of his marijuana use was also strong.[1]
Unfortunately for petitioner, it was his second violation and the judge considered this and the use of marijuana by a convicted sex offender to be serious matters. These factors resulted in the sentence that was finally imposed.
Considering all of the evidence, it must be considered that petitioner has failed to prove ineffective assistance of counsel by Attorney Cimino in her representation of petitioner at the violation of probation hearing.
Accordingly, the petition is dismissed.
Joseph J. Purtill Judge Trial Referee