STATE OF CONNECTICUT *v.* GARY VERDOLINI
(AC 22763)

Foti, Bishop and Stoughton, Js.

Argued February 13—officially released April 29, 2003

*Kirstin B. Coffin,* special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and, *Jason Germain,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Gary Verdolini, appeals from the judgments of the trial court revoking his probation and committing him to the custody of the commissioner of correction for a term of three years, execution suspended after two years, followed by probation for one year. On appeal, the defendant claims that the court (1) improperly admitted testimony regarding one of the conditions of probation, (2) improperly admitted hearsay evidence and (3) failed to consider all of his circumstances in finding a violation. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On March 28, 2001, the defendant pleaded guilty to two counts of possession of narcotics in violation of General Statutes § 21a-279 (a), assault in the third degree in violation of General Statutes § 53a-61 and failure to appear in the first degree in violation of General Statutes § 53a-172. His sister, Lisa Verdolini, was the victim of the assault. The defendant was sentenced to concurrent terms of three years imprisonment, execution suspended, and three years probation on each of the possession of narcotics counts, and one year of imprisonment, execution suspended, with three years probation on the assault count.

The conditions of probation required that the defendant refrain from violating any federal or state criminal law, report to his probation officer as directed, keep the probation officer informed of his whereabouts, and submit to any medical and psychological examination, urinalysis, alcohol and drug testing and counseling sessions as required. The special conditions included that the defendant submit to substance abuse evaluation, have no contact with the victim and engage in no assaults, threats or violence relative to her. The conditions of probation were explained to the defendant on March 28 and April 30, 2001.

On April 30, 2001, Mark Adams, a probation officer, referred the defendant to The Connection, an organization that takes probation referrals for substance abuse evaluation and treatment. Adams notified him of an appointment scheduled for May 7, 2001. The defendant failed to keep the appointment, but he appeared without an appointment on May 8, 2001. At that time, Todd Annis, a service coordinator at The Connection, instructed the defendant on that organization's rules and advised him to apply to the department of social services for medical entitlement benefits. The defendant, however, failed to follow through in applying for

or securing the benefits. After failing to keep a second appointment with Annis, scheduled on June 12, 2001, the defendant was discharged from the program for noncompliance.

On June 11, 2001, Lisa Verdolini reported to the defendant's probation officer that on June 9, 2001, the defendant had arrived at her residence, that he had been drinking and using drugs, and that he had pushed her, threatened her and flicked ashes on her head. On June 19, 2001, the victim gave a written statement to a probation officer describing the incident.

On June 21, 2001, an arrest warrant for violation of probation was issued. The warrant application charged the defendant with violating the conditions of his probation in that he had failed submit to medical and drug testing and counseling as required, and had failed to comply with the special conditions of probation requiring substance abuse evaluation and treatment, and forbidding assaults, threats and violence against the victim. After a hearing, the court found the defendant in violation of his probation. This appeal followed.

We first set forth our standard of review regarding probation revocation proceedings. "In a probation revocation proceeding, the state bears the burden of proving by a fair preponderance of the evidence that the defendant violated the terms of his probation. . . . This court may reverse the trial court's finding that a defendant violated the terms of his probation only if such finding is clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. . . . This court defers to the trial court's discretion in matters of

determining credibility and the weight to be given to a witness' testimony. . . . Furthermore, [i]n making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence." (Citations omitted; internal quotation marks omitted.) *State* v. *Widlak*, 74 Conn. App. 364, 371–72, 812 A.2d 134 (2002).

I

The defendant first claims that the court improperly admitted testimony regarding one of the conditions of probation and failed to limit the state to the basis for the violation of which he had been given notice in the arrest warrant. Specifically, he argues that the court improperly allowed, over his objection, David Maus, a probation officer, to testify regarding the condition that the defendant was to have no contact with the victim. The basis for the objection was that a violation of that condition had not been alleged in the warrant. We are not persuaded.

Initially, we point out that at the time of the objection, evidence concerning the no contact condition, and of the defendant's awareness of it, already had been introduced without objection through documents and a witness at the hearing. Because the evidence already had been introduced, Maus' testimony was merely cumulative. Thus, even if the ruling were assumed to be improper, it would not furnish a reason for reversal of the judgments. See *State* v. *Moore*, 65 Conn. App. 717, 721, 783 A.2d 1100, cert. denied, 258 Conn. 940, 786 A.2d 427 (2001). The defendant clearly had notice of the condition, as is shown by the evidence adduced at the hearing. Furthermore, the defendant does not challenge the court's conclusion that he failed to submit to specified examination, testing or counseling. Therefore, because the defendant does not contest the court's finding of that violation, it is unnecessary to address the

defendant's argument that he was not afforded adequate notice of an additional violation. See *State* v. *Maye*, 70 Conn. App. 828, 838–39, 799 A.2d 1136 (2002); see also *State* v. *Samuel*, 57 Conn. App. 64, 67–68, 747 A.2d 21, cert. denied, 253 Conn. 909, 753 A.2d 942 (2000).

## II

The defendant next claims that the court abused its discretion in allowing unreliable hearsay into evidence. Specifically, the defendant challenges the testimony given by Maus during the hearing. During his testimony, Maus stated that he had spoken to the victim on the telephone on June 11, 2001. As he began to testify about what she said, the defendant objected that the statements were hearsay. The state responded that reliable hearsay was admissible, and the objection was overruled. Thereafter, Maus testified as to what the victim had told him about the assault by the defendant on June 9, 2001. Maus advised the victim to come to his office and to give a written statement, and he testified that a probation officer, Veronica Mann, later took the statement. He also testified that the victim had been his probation client, and that he had met with her several times and found her to be reliable and credible.

The defendant also challenges the court's admission into evidence of the victim's statement. The victim's statement was offered by the state as a business record, and the defendant objected that it would be a denial of due process to admit it without the right to cross-examine the victim. The court overruled the objection. The defendant made no objection that the statement was inadmissible hearsay.

Finally, the defendant challenges the court's admission of the client activity report prepared by Annis as a business record. The defendant objected that it was hearsay. After Maus testified that it was a reliable source, the court overruled that objection. The defen-

dant made no claim that the report was not admissible as a business record.

It is the duty of the appellant to provide an adequate record for review. See, e.g., *State* v. *Feliciano*, 74 Conn. App. 391, 402, 812 A.2d 141 (2002), cert. denied, 262 Conn. 952, 817 A.2d 110 (2003). When error is claimed in an evidentiary ruling, the brief or appendix must include a verbatim statement of the question or offer, the objection and ground therefor, the claim for admissibility and the ruling. See Practice Book § 67-4 (d) (3); *State* v. *Francis D.*, 75 Conn. App. 1, 8, 815 A.2d 191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003).

The defendant has failed to comply with that requirement except as to the telephone call between Maus and the victim. It is well settled that probation proceedings are informal and that strict rules of evidence do not apply to them. See *State* v. *Baxter*, 19 Conn. App. 304, 314, 563 A.2d 721 (1989). Hearsay evidence may be admitted in a probation revocation hearing if it is relevant, reliable and probative. Id., 320. The probation officer had interacted with the victim sufficiently to determine that she was reliable and credible, and the court did not abuse its discretion in overruling the objection to his testimony on hearsay grounds.

### III

Finally, the defendant claims that the court failed to consider all of his circumstances in finding a violation of probation. We disagree.

The state produced ample evidence to support the court's finding that the defendant had violated the conditions of his probation. At the hearing, the defendant's probation officer testified that he had reviewed the conditions of probation with the defendant on three occasions. The evidence showed that The Connection had discharged the defendant for noncompliance. A

service coordinator at The Connection testified that the defendant had failed to report for two scheduled appointments on May 7, 2001, and on June 12, 2001, and failed to acquire the necessary medical benefits as instructed. Although the defendant and his mother testified that during the June 9, 2001 incident, he was defending his mother, that would not necessarily excuse an assault on his sister. At the conclusion of the hearing, the court stated that "[b]ased on the evidence and the arguments, I am going to find that, and based on the warrant and considering the record as a whole, on the reliable and probative evidence, that it has been established by a preponderance of the evidence that the conditions of violation of probation were violated. And, specifically, that he did not submit to any medical or psychiatric or psychological examination, urinalysis, alcohol or drug testing or counseling sessions as required by the court [and] that he violated the [condition of probation prohibiting] assault, threats or violence [against] the victim." On the basis of our review, we conclude that the court did not abuse its discretion in revoking the defendant's probation.

The judgments are affirmed.