STATE of Minnesota, Respondent,

v.

Lance Howard JOHNSON, Appellant.

No. A03–1385.

Court of Appeals of Minnesota.

May 4, 2004.

Mike Hatch, Attorney General, St. Paul, MN and Kathleen Heaney, Sherburne County Attorney, Arden Fritz, Assistant

County Attorney, Elk River, MN, for respondent.

Stephen V. Grigsby, Minneapolis, MN, for appellant.

Considered and decided by SHUMAKER, Presiding Judge; KALITOWSKI, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the revocation of his probation on the grounds that hearsay and illegally obtained evidence were improperly admitted, that the record does not support revocation, and that a continuance was improperly granted. Because the district court did not err in admitting certain evidence or abuse its discretion in revoking probation or granting the continuance, we affirm.

## FACTS

On July 2, 2001, appellant Lance Howard Johnson was sentenced in Sherburne County to two years of probation for a gross misdemeanor driving while impaired (DWI). The conditions of probation were that he not consume alcoholic beverages, that he obey the law, that he participate in and complete a chemical-dependency program, including aftercare, and that he view a four-hour Mothers Against Drunk Driving (M.A.D.D.) victim impact program. Johnson was originally placed under the supervision of Sherburne County Probation Officer Joseph Seminari. This probation was later transferred to Probation Officer Todd Schmatz in Mille Lacs County, appellants county of residence.

On March 16, 2003, Police Officer Benjamin Zawacki stopped Johnson in Mille Lacs County for allegedly failing to yield the right of way. In questioning Johnson after the stop, Officer Zawacki noted that Johnson appeared intoxicated and administered a breath test, which showed that Johnson had a blood alcohol concentration of .177. Johnson admitted to Officer Zawacki that he had been drinking. He was arrested and charged with second-degree DWI and failure to yield the right of way.

On March 18, 2003, Mille Lacs County Probation Officer Schmatz wrote a letter to Sherburne County stating that Johnson had violated the terms of his probation because Johnson's file did not indicate that he had completed outpatient treatment or attended the M.A.D.D. program and because he had been charged with another DWI offense. Sherburne County then filed a probation violation report with the Sherburne County District Court stating that Johnson had (1) used alcohol; (2) broken the law; (3) not provided evidence that he had completed the outpatient chemical-dependency program; and (4) not provided evidence of attendance at the M.A.D.D. victim impact program.

At the first probation revocation hearing in June 2003, the Sherburne County District Court allowed Officer Seminari to testify about the contents of Officer Schmatz's letter regarding Johnson's violation of probation conditions (3) and (4). Johnson stipulated that he had failed to complete the aftercare program but objected to the admission of Officer Schmatz's letter and to Officer Seminari's testimony on the ground that they were hearsay and denied him the right to confront Officer Schmatz.

The court declined to accept the March DWI complaint as substantive evidence that Johnson had violated probation revocation grounds (1) and (2). The state then requested and was granted a continuance to allow testimony from Officer Zawacki regarding Johnson's DWI and failure to abstain from use of alcohol. At a subse-

quent omnibus hearing, the Mille Lacs County District Court determined that there was not adequate evidence to justify the traffic stop, ruled the stop improper, suppressed evidence obtained as a result of the stop, and dismissed the DWI charges.

On September 10, 2003, the Sherburne County District Court probation revocation proceeding resumed to hear testimony from Officer Zawacki and to consider evidence relating to the now-dismissed DWI stop. The district court ruled that under Minn.Stat. § 626.21 (2002), certain evidence obtained as a result of the illegal stop was inadmissible, including the blood alcohol level and positive tests for cocaine. However, the district court ruled that neither Officer Zawacki's roadside observations of Johnson's appearance, including the odor of alcohol, slurred speech, and blurry eyes nor Johnson's admission to the officer that he had been using alcohol, constituted "property" seized from Johnson and that both were admissible. The district court concluded that based on Officer Zawacki's testimony, the stipulated failure to complete the chemical-dependency aftercare program, and the letter about the M.A.D.D. program, Johnson had violated the terms of his probation and that probation was revoked. The district court considered the admission by Johnson that he had been consuming alcohol a close call and stated that the admission was not necessary to support its probation revocation. Johnson challenges the district court's continuance to allow the testimony of Officer Zawacki and argues that the district court improperly admitted hearsay and illegally obtained evidence from the traffic stop.

## ISSUES

1. Is the probation officer's letter stating that there was no record of Johnson's completion of the conditions of probation admissible in the probation revocation hearing?

2. Are the police officer's observations from an illegal traffic stop admissible in the probation revocation hearing?

3. Did the district court abuse its discretion in revoking probation?

4. Did the district court abuse its discretion in granting the prosecution a continuance?

## ANALYSIS

### I.

■ The first issue we face is whether the probation officer's letter was inadmissible hearsay evidence. The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. amend. VI. "The right of confrontation is fundamental under both the federal and state constitutions, and the analysis is the same under both." *State v. Dukes*, 544 N.W.2d 13, 19 (Minn.1996).[1]

■ Hearsay is defined under Minn. R. Evid. 801(c) as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." The United States Supreme Court has "consistently held that the [Confrontation] Clause does not necessarily prohibit the

1. We recognize that previous attacks on parole and probation revocation proceedings have been based on due process grounds. *See Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v.* *Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). However, the parties argued under the Confrontation Clause and we therefore focus our analysis accordingly.

admission of hearsay statements against a criminal defendant, even though the admission of such statements might be thought to violate the literal terms of the Clause." *Idaho v. Wright,* 497 U.S. 805, 813, 110 S.Ct. 3139, 3145, 111 L.Ed.2d 638 (1990). However, a hearsay statement must be necessary and reliable for it to be admissible without violating the accused's right of confrontation. *Dukes,* 544 N.W.2d at 19 (citing *Ohio v. Roberts,* 448 U.S. 56, 65–66, 100 S.Ct. 2531, 2538–39, 65 L.Ed.2d 597 (1980)). The necessity requirement is met by a showing that the declarant is unavailable. *State v. Hansen,* 312 N.W.2d 96, 102 (Minn.1981). However, there is no general requirement of unavailability applicable to all hearsay exceptions. *In re Welfare of L.Z., C.R.P. and S.L.P.,* 396 N.W.2d 214, 219 (Minn.1986). The reliability requirement is met if the hearsay statement falls under a "firmly rooted" exception to the hearsay rule. *Dukes,* 544 N.W.2d at 19 (citation omitted).

Minnesota Rule of Evidence 1101(b)(3) provides that the rules of evidence, other than ones regarding privileges, do not apply to proceedings for revoking probation. There is no settled Minnesota caselaw on the application of hearsay principles to probation revocation hearings, and Johnson urges this court to find that the same rules that apply to other criminal proceedings apply to probation hearings. Other states considering this issue have concluded that hearsay evidence can be admitted in probation revocation hearings. *See, e.g., People v. Manzanares,* 85 P.3d 604, 610 (Colo.Ct.App.2003) (allowing hearsay evidence when probation officer is subject to cross-examination about proffered hearsay and the defendant has an opportunity to present witnesses and testify on his or her behalf); *State v. Verdolini,* 76 Conn.App. 466, 819 A.2d 901, 905 (2003) (allowing hearsay evidence in a probation revocation hearing if it is relevant, reliable and proba-

tive); *Staley v. State,* 851 So.2d 805, 807 (Fla.Dist.Ct.App.2003) (allowing hearsay at probation revocation hearings if it is not the sole basis for the violation); *Marshall v. Commonwealth,* 638 S.W.2d 288, 289 (Ky.Ct.App.1982) (admitting letter on violation of probation conditions without testimony by the authors of the letter because "there is no absolute right to confront witnesses, especially when the reliability of the witnesses ... can be easily ascertained.").

■ In line with these cases, we conclude that when the defendant has had ample opportunity to present evidence in a probation revocation proceeding, the rules of evidence do not preclude admission of hearsay evidence, such as a letter reporting that defendant violated the terms of probation. Affording the defendant the opportunity to present evidence ensures that the defendant can expose potential flaws in the evidence. The reliability of the hearsay evidence will be weighed against other evidence and the risk of relying on untrustworthy hearsay evidence will be greatly minimized.

■ Here, the letter from Mille Lacs County Probation Officer Schmatz to Sherburne County was the basis for finding that Johnson failed to attend the M.A.D.D. victim impact program. Two of the alleged violations, use of alcohol and not completing outpatient chemical-dependency treatment, were established by other evidence. Failure to remain law abiding, the last ground for finding a violation, was dismissed by the state. Thus, the evidentiary weight of the letter is limited. Johnson argues that Sherburne County Probation Officer Seminari who read the letter had no personal knowledge of the truth of the letter's contents and that he was denied the right to confront Probation Offi-

cer Schmatz or to challenge the probation files maintained in Mille Lacs County.

Officer Seminari was Johnson's original probation officer and reviewed the probation agreement with him after he was placed on probation on July 2, 2001. Officer Seminari testified to the terms of the probation agreement, including the requirement that Johnson prove attendance at a M.A.D.D. victim impact panel. This requirement was to have been completed by October of 2001. Officer Seminari testified that Officer Schmatz's letter indicated that Johnson had yet to provide verification of attendance. Johnson's revocation proceeding started in June 2003, was continued twice, and concluded in September. Between the filing of the probation violation report and the date of Officer Seminari's testimony four months later, Johnson had ample opportunity to place in the record evidence he thought necessary regarding his alleged failure to attend the program. The requirement to attend the program was straightforward. Although Officer Schmatz's letter was hearsay, the ample opportunity that Johnson had to confront Officer Seminari regarding the terms of the probation agreement eliminate unfairness. We hold that the district court did not err in relying on the letter as evidence that Johnson failed to attend the M.A.D.D. program.

■ Johnson also argues that the letter from Officer Schmatz does not establish that the violations were intentional and inexcusable as required for revocation. It appears that Johnson had two years to attend the M.A.D.D. program. Due to delays in the revocation proceeding, he also had several months and three probation revocation hearings in the matter to introduce evidence explaining his failure to participate. In situations where there is a simple directive to participate in a program within a reasonable timeframe and

evidence that the person ordered to so participate has failed to do so, the lack of an excuse can be inferred from the evidence. Johnson could easily have provided such rebuttal evidence either by his own testimony or through the testimony of another. We reject Johnson's claim that the inexcusable nature of the violation was not established or that the lack of confrontation so denied him the opportunity to rebut any implication as to prejudice him.

## II.

The second issue is whether the district court erred in accepting the testimony of Officer Zawacki regarding Johnson's consumption of alcohol and Johnson's admission that he had been drinking. Johnson claims that Officer Zawacki's testimony on these two matters was not admissible because the Mille Lacs County District Court determined there was no articulable suspicion for Officer Zawacki to stop Johnson and that all evidence obtained as a result of the illegal stop should be suppressed pursuant to Minn.Stat. § 626.21 (2002).

■ When this court reviews district court evidentiary rulings, the district court is granted significant discretion and the question is limited to whether the district court clearly and unequivocally erred in its evidentiary judgment. *State v. Aubid,* 591 N.W.2d 472, 478 (Minn.1999). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

The United States Supreme Court in *Pa. Bd. of Prob. & Parole v. Scott,* 524 U.S. 357, 118 S.Ct. 2014, 141 L.Ed.2d 344 (1998) held that the Fourth Amendment exclusionary rule on illegal search and seizures was inapplicable to *parole* violation proceedings and that the government's use of evidence obtained in illegal search and seizures does not, in itself, violate the Con-

stitution. *Id.* at 362, 118 S.Ct. 2014. The Court balanced the costs of excluding reliable, probative evidence in *parole* revocation proceedings versus the benefits of deterring illegal search and seizures. *Scott,* 524 U.S. at 363, 118 S.Ct. at 2019. Illegally seized evidence would be barred only in the context where such benefits outweigh the costs. *Id.*

This court adopted the *Scott* rationale and applied it to *probation* revocation proceedings in *State v. Martin,* 595 N.W.2d 214 (Minn.App.1999), *review denied* (Minn. Aug. 25, 1999). In *Martin,* this court both held that there was no material distinction between the *parole* and *probation* systems and that there was no deterrence of illegal search and seizures unless officers somehow knew they were arresting people on *probation. Id.* at 216–17, 219.

However, the Minnesota legislature went beyond any constitutionally required exclusionary rule by enacting the following statute:

> A person aggrieved by an unlawful search and seizure may move the district court ... for the return of the property and to suppress the use, as evidence, of anything so obtained on the ground that (1) the property was illegally seized.... If the motion is granted the property shall be restored ... and it shall not be admissible in evidence at any hearing or trial....

Minn.Stat. § 626.21. Johnson argues that the statute is not limited to "property ... illegally seized" but that it includes "anything so obtained," and that Officer Zawacki's observations and Johnson's admission would be something "so obtained."

Nothing in the language of the statute indicates that a broad definition of "property" or "anything so obtained" includes the officer's observation in this case. The word "property" is used six times in the section. Although there are points in the section where some ambiguity could be found as to what type of evidence is inadmissible, an even-handed reading of the statute makes strained an interpretation that is expanded beyond "property." For this reason, we decline to adopt Johnson's interpretation to the extent it includes the observations of the officers. The cost of excluding the reliable, probative evidence of the officer's observations outweighs the benefits of the possible deterrence effect of the illegal search and seizure. There was no proof that Officer Zawacki knew Johnson was on probation when he arrested him.[2]

The district court stated that although Johnson's statements were admissible, Officer Zawacki's observations were adequate to find a violation of probation. Although we review de novo the ruling on admission of evidence as a question of law, determining whether the evidence constitutes a violation of probation is a factual matter which we review under the abuse of discretion standard. *State v. Austin,* 295 N.W.2d 246, 249–50 (Minn. 1980). We conclude that the district court did not abuse its discretion in determining that there was adequate evidence that Johnson had violated probation by using alcoholic beverages. We therefore do not need to reach the issue of whether Johnson's own admissions constitute property under Minn.Stat. § 626.21.

Johnson also argues that the district court's change of position on the ad-

---

**2.** Johnson makes no claim and the record does not indicate that this is a situation where a person known to be on probation is shadowed by law enforcement, the officer stops the person on an unsustainable pretext, and the prosecution uses what the officer saw in the illegal stop to revoke probation.

missibility of his statement prejudiced him. Johnson states that because the district court initially ruled his statement was inadmissible, he failed to closely cross-examine Officer Zawacki. We disagree. The district court stated that it found Johnson violated that term of probation based on Officer Zawacki's observations without relying on Johnson's self-incriminating statement and we have concluded that basis was adequate.

## III.

The next issue is whether the district court abused its discretion in revoking Johnson's probation. Minn. R.Crim. P. 27.04, subd. 3(2) provides that in a revocation hearing, "[i]f the court finds that a violation of the conditions of probation has not been established by clear and convincing evidence, the revocation proceedings shall be dismissed, and the probationer's probation continued under the conditions theretofore ordered by the court." The district court has broad discretion in determining if sufficient evidence exists to revoke probation and should be reversed only for a clear abuse of discretion. *Austin,* 295 N.W.2d at 249–50. Under *Austin's* three-step analysis, the district court must "(1) designate the specific condition or conditions [of probation that were] violated; (2) find that the violation was intentional or inexcusable; and (3) find that the need for confinement outweighs the policies favoring probation." *Id.* at 250.

Here, the district court found that the state proved by clear and convincing evidence that Johnson violated three terms of his probation, and there is evidence to support its findings. Johnson stipulated that he failed to complete aftercare following chemical-dependency treatment. The Officer Schmatz letter established that he failed to attend a M.A.D.D. impact panel.

Further, Officer Zawacki testified that Johnson had been drinking alcohol.

Secondly, the violations were found to be intentional and inexcusable. The inexcusable nature of the failure to simply attend a program has already been discussed. Johnson's stipulation that he failed to complete the chemical-dependency program without any claim of extenuating circumstances is similarly an inexcusable violation. Johnson was supposed to complete the terms of his probation by October 2001. Johnson failed to complete the terms and instead was stopped on March 16, 2003. On this record, the district court did not abuse its discretion in finding there was a need for confinement.

Third, Johnson was operating a vehicle after drinking alcoholic beverages. This was precisely why Johnson was on probation. He failed to complete treatment or to even attend the M.A.D.D. program. These facts support the district courts finding that there was clear and convincing evidence of the violation and that the need for confinement outweighs the policies favoring probation. Therefore, the district court did not abuse its discretion in revoking Johnson's probation.

## IV.

The last issue is whether the district court abused its discretion in granting the state's motion for a continuance on June 18, 2003. "The decision to grant or deny a continuance lies within the discretion of the [district] court." *State v. Lloyd,* 345 N.W.2d 240, 247 (Minn.1984). In determining whether the district court abused its discretion, the reviewing court must consider the circumstances before the district court when the motion was made and whether the defendant was so prejudiced in preparing or presenting a defense that it materially affected the outcome of the trial. *Id.*

In this case, the district court declined to accept the states use of the March 16, 2003, complaint to prove failure to abstain from the use of alcohol. The court stated that if the state wanted to prove that basis for revoking probation, a witness would be necessary and granted a continuance for the state to bring in a witness. There is no evidence that Johnson was prejudiced in preparing or presenting his defense as a result of the grant of continuance. Officer Zawacki personally appeared and Johnson had the opportunity to cross-examine the officer. We do not find there was an abuse of discretion.

## DECISION

The district court did not err in admitting a letter from the probation officer of another county to identify a probation violation or in basing revocation in part on the observations of a police officer at a stop that was later dismissed for lack of articulable suspicion. Finally, the district court did not abuse its discretion in revoking probation or granting the prosecutor a continuance.

**Affirmed.**