*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1094**

State of Minnesota,
Respondent,

vs.

Darren Lee Whitelow,
Appellant.

**Filed January 20, 2015
Affirmed
Peterson, Judge**

Dakota County District Court
File No. 19HA-CR-08-3832

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Jessica A. Bierwerth, Assistant County Attorney, Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephen L. Smith, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Peterson, Judge; and Larkin, Judge.

## U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

In this sentencing appeal, appellant argues that the district court abused its discretion by revoking his probation and executing his sentence. We affirm.

**FACTS**

Appellant Darren Lee Whitelow pleaded guilty to one count of felony domestic assault following an incident in 2008. The district court imposed a stayed 21-month sentence and placed Whitelow on probation for five years. Conditions of probation included that Whitelow serve 120 days in jail, pay a fine and surcharges, submit to a domestic-abuse assessment and follow all recommendations, follow probationary rules and regulations, and remain law abiding.

From 2011 to 2014, Whitelow repeatedly violated the conditions of his probation, and his conduct was the subject of three probation-violation hearings. At the first probation-violation hearing on February 15, 2011, Whitelow admitted that he (1) did not attend several scheduled appointments that were part of the investigation process for Dakota County's request to transfer his probation to Hennepin County and either did not submit to or did not pass urine tests (positive for marijuana on all of three completed tests); (2) did not undergo a domestic-abuse assessment despite being directed to do so on several occasions; and (3) did not remain law abiding by being charged with driving after revocation and failure to provide proof of insurance. Following the hearing, the district court continued Whitelow on probation but added the requirement that he complete a domestic-abuse program at "Home, Inc."

At the second probation-violation hearing on February 13, 2013, Whitelow's probation officer alleged that Whitelow did not complete a domestic-abuse assessment, did not maintain contact with his probation officer, and admittedly failed to abstain from the use of illegal drugs (marijuana), which resulted in denial of Dakota County's request

2

to transfer his probation to Hennepin County. Whitelow admitted the violations. Following the hearing, the district court found that Whitelow violated the terms of his probation but again reinstated him on probation. The district court added the probationary requirement that Whitelow submit to a chemical-dependency evaluation and follow recommendations. The district court also ordered Whitelow to serve 45 days in jail.

A probation-violation hearing on April 4, 2014 addressed the following alleged conduct: (1) Whitelow did not complete a domestic-abuse assessment and follow recommendations; (2) despite Whitelow's claim that he started classes at Home Inc., staff there "advised that the offender had never enrolled or started the domestic program"; (3) Whitelow did not follow the rules and regulations of probation by failing to maintain contact with his probation officer, missing scheduled appointments, failing to provide an accurate home address or phone number, and failing to report for a drug test; (4) Whitelow did not complete a court-ordered chemical assessment despite being instructed to do so on numerous occasions; and (5) Whitelow did not abstain from alcohol or controlled substances, admitted to frequent use of marijuana, and submitted a positive drug test for marijuana.[1] Whitelow did not admit the allegations, and the district court held a contested probation-violation hearing on April 4, 2014. Following the hearing, the district court found that Whitelow did not comply with any of the terms and conditions of probation, his violations were intentional and inexcusable, and the need for

---

[1]A sixth violation was also alleged for a February 2, 2013 conviction of giving a false name to a police officer. The state agreed to eliminate that allegation because it was considered in an earlier probation-violation proceeding.

3

his confinement outweighed policies favoring his remaining on probation. The district court revoked Whitelow's probation, executed his prison sentence, and gave him credit for time served.

## DECISION

"A district court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *State v. Ornelas*, 675 N.W.2d 74, 79 (Minn. 2004) (quotation omitted). Before deciding to revoke probation, the district court must evaluate whether (1) an offender violated a specific probationary term; (2) the violation was intentional or inexcusable; and (3) the need for the offender's confinement outweighs policies favoring probation. *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980). "The decision to revoke cannot be a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity." *Id.* at 251 (quotation omitted).

The district court found that appellant failed to complete a domestic-abuse assessment, failed to complete domestic-abuse programming, failed to complete a chemical-health assessment and follow recommendations, and continued to use alcohol and controlled substances. The district court also found that these violations were intentional and inexcusable.

Appellant challenges only the district court's finding on the third *Austin* factor, that the need for his incarceration outweighed the policies that favor his remaining on probation. For the third *Austin* factor, the district court must analyze whether

4

"confinement is necessary to protect the public from further criminal activity by the offender," "correctional treatment . . . can most effectively be provided if [the offender] is confined," or "it would unduly depreciate the seriousness of the violation if probation were not revoked." *State v. Modtland*, 695 N.W.2d 602, 607 (Minn. 2005) (quotation omitted). Each of these factors is met here. From the time that his first probation-violation report was submitted in April 2010 until the time that his probation was revoked in April 2014, appellant failed to complete the most basic terms of his probation, including submitting to domestic-abuse and chemical-dependency assessments, remaining law abiding, and maintaining contact with his probation officer.

At the final probation-violation hearing, Steven Gomez, the senior probation officer for Dakota County, testified that appellant's "cooperation and compliance with the court orders have been very poor" and identified specific instances of appellant's recent probation violations. Gomez testified, "[T]he essence of his probation . . . was to address domestic violence issues and chemical dependency challenges, and there's actually been no movement since his – since his sentence in 2008 to complete successfully any of these programs." Gomez also noted that appellant's failure to participate in a domestic-abuse assessment placed a greater risk of harm on the victim. Gomez recommended that the district court revoke appellant's stay of execution because appellant was "not really working well with probation" and because "he might be better served to work well with supervised release . . . . It's a much more stringent form of supervision, plus he will have an opportunity at a later time to complete domestic programming and [chemical-dependency] evaluations or a [chemical-dependency] treatment but with more stringent

5

supervision." Gomez rejected the claim that appellant could not afford to participate in the required probationary assessments and programs and suggested that the costs could have been met through county funding or medical assistance, that other offenders have used those methods to achieve compliance with probationary terms, and that "there has been a lot of direction from the probation officer" in appellant's case, without success.

In arguing against probation revocation, appellant contends that the district court's decision was a "reflexive reaction to an accumulation of technical violations," appellant did not commit further acts of domestic abuse during the pendency of his probation, appellant "remained willing to complete the [chemical-dependency] assessment," appellant's drug use posed no appreciable risk to public safety, and the district court "could have held [appellant] accountable for his choices without casting away all opportunity for him to remain on probation." The only one of these contentions that is supported by the record is that appellant did not commit further acts of domestic abuse while on probation. Because appellant made little effort to comply with his probationary requirements over a four-year period, the district court did not abuse its discretion by revoking appellant's probation. *See State v. Osborne*, 732 N.W.2d 249, 256 (2007) (affirming probation revocation upon record showing offender's "lengthy history of criminal activity and chronic probation and treatment failures"); *State v. Johnson*, 679 N.W.2d 169, 177 (Minn. App. 2004) (affirming revocation of DWI offender's probation after offender failed to complete aftercare for chemical-dependency treatment, failed to

attend an impact-panel discussion pertaining to driving under the influence, and failed to refrain from consuming alcohol).

**Affirmed.**