*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1522**

State of Minnesota,
Respondent,

vs.

Donald Eldon Lamont,
Appellant.

**Filed June 3, 2024**
**Affirmed**
**Schmidt, Judge**

Martin County District Court
File No. 46-CR-14-1141

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Taylor McGowan, Martin County Attorney, Fairmont, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

　　　Considered and decided by Worke, Presiding Judge; Schmidt, Judge; and Florey,

Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**SCHMIDT**, Judge

In this appeal from an order revoking probation and executing a 60-month sentence, appellant Donald Eldon Lamont argues that (1) the district court abused its discretion in admitting hearsay evidence, and (2) the record does not support revoking his probation and executing his sentence. Because the district court did not abuse its discretion in admitting the challenged evidence or in revoking probation, we affirm.

## FACTS

In 2014, respondent State of Minnesota charged Lamont with fifth-degree possession of a controlled substance and unlawful possession of a firearm. Lamont pleaded guilty to the firearm charge in exchange for stayed execution of his sentence. The district court imposed a 60-month sentence but determined a downward dispositional departure was appropriate, as called for in the plea agreement, and stayed execution of the sentence for 15 years. The district court imposed, in relevant part, the following conditions of probation: to obtain permission from his probation agent before leaving the state, to abstain from the use of alcohol and nonprescription drug use, and to remain law-abiding.

In September 2019, June 2020, and March 2023, the probation department filed probation-violation reports alleging that Lamont had violated the conditions of his probation. The district court reinstated Lamont on probation on all three occasions. After the admitted violation in March 2023, the court ordered Lamont to serve an additional 180 days in jail, with credit for 36 days, and with the option to satisfy the jail sanction through community service and work release upon meeting jail qualifications for such programs.

In May 2023, the probation department filed another probation-violation report alleging that Lamont had failed to serve his additional jail sanction that was ordered following his March violation, left the state without permission from his probation agent, and failed to remain law-abiding.

At a contested probation-revocation hearing in July 2023, the state presented testimony from Lamont's probation agent about the alleged violations. The agent testified that she received information from a community service crew leader about Lamont leaving the crew while serving his jail sentence. Lamont objected to the admission of that evidence, arguing it was hearsay. The district court overruled the objection on the grounds that the rules of evidence did not apply. Lamont's agent recommended that his stayed sentence be executed. Lamont argued for continued probation.

The district court made the following findings:

> [Lamont] has violated clearly established conditions of probation in that he failed to serve his 180 days in the county jail as ordered at his prior violation hearing and that he failed to obtain permission from his agent before leaving the [S]tate of Minnesota and that he's failed to remain law abiding. All of these are evidenced by the fact that he absconded from the STS crew while serving his jail sentence, fled to Iowa, and later had to be extradited back generating among other things the pending charge of escape from custody. Those violations were intentional and inexcusable. . . . Confinement is necessary to protect the public from further criminal activity. [Lamont] is in need of correctional treatment which can be most effectively provided during his confinement, and it would certainly unduly depreciate the seriousness of his violations if his probation were not revoked.

The district court revoked Lamont's probation and executed his 60-month sentence.

Lamont appeals.

3

**DECISION**

Probation violations must be proved by clear and convincing evidence. Minn. R. Crim. P. 27.04, subds. 2(1)(c)(b), 3(1). The clear-and-convincing standard "is met when the truth of the facts sought to be admitted is highly probable." *State v. Miller*, 754 N.W.2d 686, 701 (Minn. 2008) (quotation omitted).

"The trial court has broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion." *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Hallmark*, 927 N.W.2d 281, 291 (Minn. 2019) (quotation omitted).

**I. The district court properly concluded that the rules of evidence did not apply to Lamont's contested probation-violation hearing.**

Lamont argues for reversal of the district court's revocation of his probation because the district court erroneously admitted hearsay evidence during his probation-revocation hearing.

The rules of evidence, other than those with respect to privileges, do not apply to proceedings for sentencing, or granting or revoking probation. *See* Minn. R. Evid. 1101(b)(3); *see also State v. Johnson*, 679 N.W.2d 169, 174 (Minn. App. 2004) (determining that the rules of evidence do not preclude the admission of hearsay evidence in a probation-revocation hearing when a defendant has had ample opportunity to present evidence). Rule 1101(b)(3) and the caselaw are clear: the rules of evidence, other than

those with respect to privileges, do not apply in probation-revocation proceedings. The district court therefore properly overruled Lamont's hearsay objection on the grounds that the rules of evidence did not apply to his probation-revocation hearing.

Lamont further argues that the crew leader's statement to the agent lacks reliability because Lamont could not have violated his probation condition ordered on April 10 by leaving his shift on April 8. Lamont contends that the evidence should not have been admitted "because [the court] did not have any other evidence to weigh the reliability of the hearsay testimony against[.]"

Again, the rules of evidence do not apply to the probation-revocation hearing. *See* Minn. R. Evid. 1101(b)(3). But the risk of the district court having relied on untrustworthy hearsay evidence is minimized by the fact that the probation agent confirmed that Lamont was arrested in Iowa despite the agent not having approved this out-of-state travel. Thus, the crew leader's statement to the agent that Lamont left his shift in Minnesota was sufficiently trustworthy because other evidence shows that Lamont was in Iowa when he was supposed to be in Minnesota. *Johnson*, 679 N.W.2d at 174 (reasoning that the risk of relying on potentially untrustworthy hearsay evidence will be greatly minimized because the reliability of hearsay evidence will be weighed against other evidence). The district court did not abuse its discretion in admitting the statements at the probation-revocation hearing. *Id.*

**II.    The record supports the district court's decision to revoke probation and execute Lamont's stayed sentence.**

Lamont alternatively argues that the district court abused its discretion in revoking his probation based upon a finding that Lamont violated his probation because the evidence presented by the state was not clear and convincing. We disagree.

Before a district court revokes probation, the court must find that (1) a designated specific condition or conditions were violated, (2) the violation was intentional or inexcusable, and (3) the need for confinement outweighs the policies favoring probation. *Austin*, 295 N.W.2d at 250. When making the required *Austin* findings, the court "must seek to convey their substantive reasons for revocation and the evidence relied upon." *State v. Modtland*, 695 N.W.2d 602, 608 (Minn. 2005).

Lamont contends that the district court abused its discretion in concluding that the state had proved by clear and convincing evidence that he violated the conditions of his probation by failing to complete his community service to satisfy his jail sanction because, other than the testimony from Lamont's probation agent, the state presented "no other evidence" to support the alleged probation violations. This argument fails because revoking Lamont's probation was independently supported by other violations—such as Lamont's arrest in Iowa and criminal charges in both Minnesota and Iowa—which evidence his failure to ask his agent for permission to leave Minnesota and to remain law-abiding during probation.

The conditions of Lamont's probation, in relevant part, required him to complete a 180-day jail sentence (or community service, if he qualified) for his March 2023 probation

6

violation, to not leave Minnesota unless approved by his probation agent, and to remain law-abiding. Given these conditions, and the evidence presented, the district court found that Lamont violated his probation because

> he failed to serve his 180 days in the county jail as ordered at his prior violation hearing and that he failed to obtain permission from his agent before leaving the state of Minnesota and that he's failed to remain law abiding. All of these are evidence by the fact that he absconded from the STS crew while serving his jail sentence, fled to Iowa, and later had to be extradited back generating among other things the pending charge of escape from custody.

Because the court listed the "substantive reasons for revocation and the evidence relied upon," the court did not abuse its discretion in finding that the probation violations were proved by clear and convincing evidence and in revoking Lamont's probation. *Id.*

**Affirmed.**